Donald CROWE, Petitioner–Appellee,

v.

Dewey SOWDERS, Warden, Northpoint Training Center, Respondent–Appellant.

No. 88–5067.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 22, 1988.

Decided Jan. 4, 1989.

Donald Crowe, Burgin, Ky., pro se, and Ronald D. Bowling (argued), Lexington, Ky., for Donald Crowe, petitioner-appellee.

Frederic J. Cowan, Atty. Gen., Mark Wintersheimer, Asst. Atty. Gen. (argued), Office of the Atty. Gen. of Kentucky, Frankfort, Ky., for Dewey Sowders, Warden, Northpoint Training Center, respondent-appellant.

Before WELLFORD and BOGGS, Circuit Judges, and BROWN, Senior Circuit Judge.

BAILEY BROWN, Senior Circuit Judge.

This is an appeal from a district court judgment granting habeas corpus relief to Donald Crowe based on a finding of ineffective assistance of counsel in his state court criminal trial. We affirm.

I.

In order to present the precise issues that are before us on appeal, it is necessary to set out the history of Crowe's litigation in the Kentucky courts in some detail.

In 1977, Crowe was convicted in Clark County of receiving stolen property. In 1981, he was convicted of third degree burglary and then pleaded guilty of being a second degree persistent felony offender (PFO) and received five years for the latter offense.

In 1983, Crowe was tried in Wolfe County on charges of third degree burglary, theft by unlawful taking and of being a first degree PFO. The 1977 and 1981 convictions were included as predicate offenses to the charge of first degree PFO. The jury first rendered a verdict of guilty as to the charges of third degree burglary and theft by unlawful taking and fixed a penalty of three years imprisonment on each charge or a total of six years. Then, after retiring to the jury room to consider its verdict on the first degree PFO charge and, if found guilty, the penalty imposed, the jury returned to the courtroom to request further explanation from the trial court. It is this colloquy between the jury and the trial court and Crowe's counsel's failure then and there to object thereto and failure, after the jury retired, to move for a mistrial and failure, after the jury returned a verdict of guilty on the PFO charge and fixed a penalty of ten years, to move for a new trial, that are the bases of Crowe's claim of ineffective counsel.

The colloquy was as follows:

The Court: What is your question?

Juror Smith: What the question is, they want to know—say whatever sentence they give him, is he allowed to be paroled on the one that we have just done?

The Court: He doesn't serve the one that you just gave him. That doesn't count. This substitutes for the other. I thought you understood that. You do away with the six years that you have already given him. This will substitute for the six years that you have already given him.

Juror Arnett: Here is a question we had. He violated his parole with another felony, right?

The Court: Yes, on the five years that he had.

Juror Arnett: All right, say if we was to turn him loose, he would come out with the six years we gave him today. All right, could he get parole on that six years?

The Court: Yes.

Juror Arnett: Even though he violated it?

The Court: Yes, he could get parole. If he is convicted here as a habitual crimi-

nal, he can't get parole for ten (10) years. That's the only difference.

Juror: Can he be charged with parole violation?

The Court: That wouldn't make any difference on that.

JA 82–83.[1]

The appellant, Dewey Sowders, concedes that, under *Payne v. Commonwealth*, 623 S.W.2d 867 (Ky.1981), *cert. denied*, 456 U.S. 909, 102 S.Ct. 1758, 72 L.Ed.2d 167 (1982), it was reversible error at that time for the trial court to instruct the jury as to parole consequences, although Kentucky law has since then been amended to allow a trial judge to comment on parole consequences.

In an unreported opinion (JA 115), the Kentucky Court of Appeals on the direct appeal held that Crowe's claim of ineffective assistance of counsel with respect to the court-jury colloquy was not preserved for appeal and that, in any event, there was no "manifest injustice" because there was no dispute that there was sufficient evidence to convict and because Crowe received the minimum penalty for the first degree PFO offense.

Crowe then filed a post-conviction petition under Kentucky RCr 11.42, which was denied by a trial court after a hearing. Crowe's trial counsel testified at the hearing. On appeal, in an unreported opinion (JA 118), the Kentucky Court of Appeals entertained the claim of ineffective assistance of counsel but then ruled:

Appellant first contends that he was prejudiced by counsel's failure to object to the trial judge's remarks to the jury about parole consequences if appellant was convicted as a PFO in the first degree. However, as the jury recommended and appellant was sentenced to

only the minimum term of imprisonment as a PFO in the first degree, we fail to see how counsel's alleged error prejudiced appellant in any respect.

Crowe then filed a habeas petition in the federal district court for the Eastern District of Kentucky, and appellant Sowders filed a motion to dismiss or for summary judgment. The matter was referred to a magistrate for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

In his *pro se* petition, Crowe alleged that he was denied his sixth-fourteenth amendment right to effective assistance of counsel because of his trial counsel's failure then and there to object to the judge-jury colloquy and because of her failure to move for a mistrial after the jury retired and because of her failure to move for a new trial after the verdict was returned.[2]

Applying and quoting from *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, *reh'g denied*, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984), the magistrate, in his report (JA 80–86), found that Crowe's counsel's representation "fell below an objective standard of reasonableness." *Id.* at 687–88, 104 S.Ct. at 2064. The magistrate further, again applying and quoting from *Strickland*, found that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. Having concluded that both components for granting federal habeas relief under *Strickland* were met, the magistrate so recommended. The district court agreed and granted relief.

## II.

It has been a part of Crowe's contention that not only was the trial court in his

1. "JA" refers to the Joint Appendix.

2. Crowe also contended in his petition that the first degree PFO conviction was invalid because the 1981 convictions (third degree burglary and second degree PFO) could not under Kentucky law properly be predicate offenses because no sentence was imposed for the third degree burglary offense. He contended that his trial counsel should have developed this defense to the first degree PFO charge. The magistrate and

district court did not deal with this contention. However, we note that, in its opinion in Crowe's post-conviction appeal, the Kentucky Court of Appeals dealt with this contention by pointing out that, in the direct appeal of the 1981 convictions, the court had held that "despite the failure to fix a sentence on the burglary charge, the ensuing PFO II conviction was nevertheless valid." JA 119–20.

criminal trial in error in answering questions about parole consequences at all, but that the trial court was further in error because it incorrectly instructed that if Crowe were found not guilty as to the first degree PFO charge, he would not have to serve any of the six years the jury had just imposed for the two offenses—third degree burglary and theft by unlawful taking. The magistrate's report and recommendation and district court's order did not deal with this separate contention. We believe, however, that the judge's statements, fairly read in the context of the jury's questions, meant that if Crowe were convicted of being a first degree PFO and received a sentence therefor, this sentence would be substituted for the six-year sentence that the jury had just given him and that if he were not found guilty on the first degree PFO charge, he could be paroled while serving the six-year sentence. Moreover, Crowe could be paroled on the six-year sentence even though he had violated his parole on the five-year sentence received in 1981. Lastly, if Crowe were convicted of being a first degree PFO, he could not get parole for ten years and he could still be charged with parole violation with respect to the five-year sentence received in 1981. Accordingly, we approach this case, as did the magistrate, on the theory that, although the trial court's statements were legally correct, it was reversible error under existing Kentucky law to give these instructions at all.

### III.

At the hearing in the post-conviction proceeding at which Crowe's trial attorney testified, she was asked why she did not then and there object to the colloquy between judge and jury, to which she answered: "I did not object, and the only reason I can recall for not objecting was it happened very quickly, it was over very quickly, and I didn't draw any more attention to it." JA 40–41.

Counsel went on to explain that Crowe had been a terrible witness in his own behalf, that she was hoping that the jury would bestow mercy, and that she did not

think it would be wise to object then and there.

On cross-examination, counsel admitted that she knew that it was error for the trial court to instruct the jury with respect to parole possibilities and could give no reason for not having moved for a mistrial after the jury retired from the courtroom and for not having moved for a new trial after the jury returned its verdict.

### A.

We do not read the magistrate's report and recommendation and the district court's order as determining that Crowe's counsel failed to meet the required "objective standard of reasonableness" when she failed to object then and there to the court-jury colloquy. We can understand why they would be hesitant to make such a finding; it could well be sensible strategy not to rise in front of the jury and, from counsel table or after approaching the bench, object to the trial court's answering the jury's questions and thereby terminate the colloquy. The magistrate's report, on the other hand, does conclude that counsel's representation did fall below the objective standard by her failure to move for a mistrial after the jury returned to the jury room or move for a new trial after the verdict. As the report points out: "[Counsel] did not move for a mistrial or make a post-trial motion for a new trial even though either motion admittedly would not have 'drawn more attention' to the colloquy regarding parole consequences." JA 83–84.

■ Since the district court's determination that trial counsel's performance fell below the required standard of "objective reasonableness" decided a mixed question of law and fact to which Fed.R.Civ.P. 52(a) does not apply, *Strickland*, 466 U.S. at 698, 104 S.Ct. at 2070, we do not apply the clearly erroneous standard. Nevertheless, we agree with the district court's determination.

### B.

■ The appellant Sowders argues that, in any event, had counsel moved for a

mistrial or new trial, the "result of the proceeding would not have been different," *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068, because the Kentucky Court of Appeals, in the post-conviction appeal, determined that there was no prejudice in that Crowe received the minimum ten-year sentence.

There are at least two answers to this argument. First, as pointed out in the magistrate's report (JA 84), the Court of Appeals *assumed* that the jury would have convicted Crowe of being a first degree PFO in absence of the instructions on parole consequences when, as the colloquy shows, the jury may not yet have decided to convict Crowe of being a first degree PFO and, in reaching its verdict, may have considered the parole consequences. This assumption by the Kentucky Court of Appeals is unsupported in the record. Moreover, the state court's finding that Crowe was not, under *Strickland*, deprived of effective assistance because the result would not have been different is not a finding of basic or historical fact binding on the federal court to the extent provided by 28 U.S.C. § 2254(d). *Strickland*, 466 U.S. at 698, 104 S.Ct. at 2070.

 Second, in making a decision on the prejudice component, we must assume that had Crowe's trial counsel moved for a mistrial or new trial, the state trial court would have acted in accordance with law, not whimsy or caprice, and granted the mistrial or new trial. *Strickland*, 466 U.S. at 694–95, 104 S.Ct. at 2068–69.

## IV.

We recognize that this habeas case is probably much ado about very little. After all, it appears that Crowe has been convicted of predicate offenses which under Kentucky law will allow a court to retry him only on the first degree PFO charge. Nevertheless, we are satisfied that, under *Strickland*, the district court reached the correct legal result. Accordingly, we AFFIRM.

WELLFORD, Circuit Judge, concurring:

I concur in the opinion of Judge Bailey Brown affirming the grant of habeas corpus relief under the circumstances of this case, but I do not join in the approach taken in Part II. It seems to me doubtful that the trial judge's responses to the jury's inquiries would have made clear to the jury the consequences of parole on the sentences given and on what was yet to be decided on the PFO charge. I agree that these responses by the district court, uncertain and confusing in their meaning, should have been a basis for objection at some stage by defendant's attorney had she performed within objective standards of reasonableness.