[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Petitioner, Sixto Nieves, filed an amended petition for Writ of Habeas Corpus on February 18, 1997. The Respondent filed his return on March 26, 1997. The Petitioner was convicted after a jury trial of the following offenses: Attempted Murder in violation of Connecticut General Statute § 53a-54a(a), Assault in the First Degree in violation of Connecticut General Statute § 53a-59(a)(1), and Carrying a Pistol Without a Permit in violation of Connecticut General Statutes §§ 29-35
and 29-37 (b). The Petitioner was sentenced on October 1, 1993 to a total effective sentence of 23 years incarceration, execution suspended after serving 15 years with 5 years probation. The Petitioner was charged with shooting two persons but was found not guilty of one of those shootings by the jury.
The Petitioner was represented during the trial and the appeal therefrom by Attorney Mark Gross who he now claims was ineffective as his attorney. Attorney Gross testified during this hearing and described what he did in preparation for the Petitioner's trial and for his subsequent appeal.
The Petitioner's attorney asked Mr. Gross during an extensive examination why he did not interview certain witnesses for the Petitioner's trial, namely, Robert Lang, Edwin Lang, Linwood Bailey, Fernando Alvarez and Oscar Sanchez. The latter three witnesses were not able to identify the Petitioner as the perpetrator of the shootings. As to why he did not call Linwood Bailey as a witness, Mr. Gross testified that he did not want to raise a hornets nest and he did not know where he lived. He testified he did not see what good could come of interviewing Mr. Bailey and he would not have interviewed him even if he could have. As to Mr. Alvarez and Mr. Sanchez he testified he did not want to wake a sleeping dog. He feared if either came into court they would say they now recognized the Petitioner. Mr. Gross stated he knew that one of the investigating police officers would testify that neither Mr. Alvarez or Mr. Sanchez could identify the Petitioner as the perpetrator. Mr. Gross was also asked why he did not interview a Mr. Rosenstock. He, stated he thought it was important to interview Mr. Rosenstock but that the Petitioner did not want him to do so. Mr. Gross said the Petitioner made an ethnic remark about Mr. Rosenstock and said he CT Page 4316 was no good. Mr. Gross stated the Petitioner ordered him not to call Mr. Rosenstock as a witness. The Petitioner testified and denied that he told Mr. Gross not to call Mr. Rosenstock as a witness. The Petitioner testified that Mr. Gross made the decision not to call Mr. Rosenstock as a witness.
The Petitioner alleges that Attorney Gross was ineffective as his trial counsel in the following manner as set forth in his Petition:
 1. Attorney Gross did not adequately investigate the Petitioner's case prior to trial.
 2. Attorney Gross did not adequately prepare the Petitioner's case for trial.
 3. Attorney Gross did not interview, or cause to be interviewed, certain potential defense witnesses.
 4. Attorney Gross did not use proper investigative procedures in the preparation of the Petitioner's case.
 5. Attorney Gross did not adequately communicate with the Petitioner concerning his defense.
 6. Attorney Gross did not adequately investigate whether to present certain evidence in the defense case.
 7. Attorney Gross did not adequately research the law applicable to the Petitioner's case.
 8. Attorney Gross did not adequately advise the Petitioner concerning his case.
 9. Attorney Gross did not raise certain objections concerning the composition of the jury.
 10. Attorney Gross did not object to certain of the court's preliminary instructions.
 11. Attorney Gross did not request that the court take curative action concerning certain of the court's preliminary instructions.
 12. Attorney Gross did not adequately prepare for the admission of certain evidence. CT Page 4317
 13. Attorney Gross adduced certain evidence which was prejudicial to the Petitioner.
 14. Attorney Gross did not adequately cross examine state's witnesses.
 15. Attorney Gross consented to the state's motion in limine to exclude a victim's misdemeanor convictions.
 16. Attorney Gross did not make certain evidentiary objections.
17. Attorney Gross did not move to strike improper state questions.
 18. Attorney Gross did not call certain available witnesses to testify on behalf of the Petitioner.
 19. Attorney Gross did not object to certain inaccurate and improper remarks and arguments by the state during the state's closing arguments.
 20. Attorney Gross did not ask the court to take curative action regarding certain inaccurate and improper remarks and arguments by the state during the state's closing arguments.
"Our Supreme Court has adopted the two-pronged analysis ofStrickland v. Washington, supra, to determine if counsel's assistance was ineffective. Bunkley v. Commissioner ofCorrection, 222 Conn. 444, 455, 610 A.2d 598 (1992); Sekou v.Warden, 216 Conn. 678, 690, 583 A.2d 1277 (1990). Under this analysis, to prevail on a constitutional claim of ineffective assistance of counsel, the petitioner must demonstrate both (1) deficient performance and (2) actual prejudice. Bunkley v.Commissioner of Correction, supra; Hull v. Warden,32 Conn. App. 170, 174, 628 A.2d (1993); Siano v. Warden, supra."
"`To satisfy the first prong, that his counsel's performance was deficient, the petitioner must establish that his counsel made errors so serious that [he] was not functioning as the "counsel" guaranteed the [petitioner] by the Sixth Amendment. . . . The petitioner must thus show that counsel's representation fell below an objective standard of reasonableness considering all of the circumstances. . . . We will indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.' CT Page 4318 (Citations omitted; internal quotation marks omitted.) Siano v.Warden, supra; Hull v. Warden, Copas v. Warden, supra, 683-84."
"To satisfy the second prong, that his counsel's deficient performance prejudiced his defense, the petitioner must establish that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable. . . . The petitioner must establish that as a result of his trial counsel's deficient performance, there remains a probability sufficient to undermine confidence in the verdict that resulted in his appeal. . . . The second prong is thus satisfied, if the petitioner can demonstrate that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' (Citations omitted; internal quotation marks omitted.) Siano v.Warden, supra, 98; Bunkley v. Commissioner of Correction,
supra, 454-55." Davis v. Warden, 32 Conn. App. 296, 301-303,629 A.2d 440, cert. denied, 227 Conn. 924, 632 A.2d 701 (1993); Johnson v.Commissioner of Correction, 36 Conn. App. 695, 701, 702 (1995).
After hearing the evidence this court finds that the Petitioner has failed to sustain his burden of proof on either prong of the test set forth in Strickland v. Washington, supra, as to any, of the allegations in his Amended Petition dated February 18, 1997. He had not proved that his counsel's representation of him was deficient. Further he has not proved that he was prejudiced by his attorney's representation of him.
Mr. Gross was asked why he did not appeal the court's charge to the jury concerning "Accessory Liability. " He stated the charge was given by the trial judge over his objection. He further testified that in his opinion this issue had no merit in the appeal of the case. Attorney Gross stated that he felt the only strong issue to appeal was that the jury did not listen to the trial judge's charge. On appeal the Petitioner's conviction was affirmed in a per curiam decision which can be found at36 Conn. App. 930 (1994).
The Petitioner also claims in his Amended Petition that Attorney Gross was ineffective as his appellate counsel in the following manner:
1. Attorney Gross did not preserve issues for appeal. CT Page 4319
2. Attorney Gross did not adequately research issues for appeal.
3. Attorney Gross did not adequately present issues for appeal.
In this matter in order to prevail on his claim, that his appellate counsel was ineffective, the petitioner must establish (1) that his appellate counsel's performance fell below the required standard of reasonable competence or competence displayed by lawyers with ordinary training and skill in the criminal law, and (2) that this lack of competency contributed so significantly to the affirmance of his conviction as to have deprived him of a fair appeal, thus causing an unreliable conviction to stand. See Valeriano v. Bronson, 209 Conn. 75,84-86, 546 A.2d 1380 (1988); accord Strickland v. Washington,466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674, reh. denied,467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984). If the issues not raised by his appellate counsel lack merit, the petitioner cannot sustain even the first part of this dual burden since the failure to pursue unmeritorious claims cannot be considered conduct falling below the level of reasonably competent representation. Sekou v. Warden, 216 Conn. 678, 690 (1990).
After hearing the evidence this court finds that the petitioner has failed to sustain his burden of proof on either prong of the test set forth in Sekou v. Warden, supra, as to any of the allegations in his Amended Petition dated February 18, 1997 relative to his appeal. He has not proved that his appellate counsel's representation of him fell below the required standard of reasonable competence and thus he has not proved that his appellate counsel's lack of competency deprived him of a fair appeal, thus causing an reliable conviction to stand.
For all of the above reasons the petitioner's habeas corpus petition is denied.
William J. Sullivan, Judge