# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

### JUNE 1997 SESSION
### AT JACKSON



FILED

July 23, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 02C01-9612-CR-00479 |
| Appellee, | ) |
| | ) Shelby County |
| V. | ) |
| | ) Honorable Bernie Weinman, Judge |
| | ) |
| **DWAYNE E. ANDERSON,** | ) (Burglary) |
| | ) |
| Appellant. | ) |


FOR THE APPELLANT:                    FOR THE APPELLEE:

Gerald Stanley Green                         John Knox Walkup
Attorney at Law                                  Attorney General & Reporter
301 Washington Avenue, Suite 302
Memphis, TN 38103-1911                   Elizabeth T. Ryan
                                                           Assistant Attorney General
<u>At Trial</u>                                              450 James Robertson Parkway
Lenal Anderson, Jr.                              Nashville, TN 37243-0493
Attorney at Law
100 North Main Building, Suite 3300   William L. Gibbons
Memphis, TN 38103                            District Attorney General

                                                           Perry S. Hayes
                                                           Assistant District Attorney General
                                                           201 Poplar Avenue, Suite 301
                                                           Memphis, TN 38103-1947


OPINION FILED: _____


**AFFIRMED**


**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Dwayne E. Anderson, was convicted by a jury of burglary and two counts of theft of property over $1000. He was classified as a career offender and received an effective sentence of 12 years incarceration. He appeals alleging that he received ineffective assistance of counsel. Upon review, we affirm.

The appellant contends that his trial counsel's inadequate preparation deprived him of a fair trial. Specifically, he claims that his counsel did not have an adequate amount of time to "investigate and explore any of the items discovered" in his case.[1]

Prior to trial, the appellant's counsel moved for a continuance. He based his motion on the fact that the prosecution had only responded to his discovery request three days before trial. Also, he stated that he needed more time to explore a possible alibi defense. The judge denied the continuance.

At the hearing on the motion for new trial, counsel reiterated the fact that he was not prepared for trial. He claimed that his lack of preparation deprived the appellant of his constitutionally guaranteed right to effective assistance. The trial judge denied the motion finding that the appellant received effective assistance. Furthermore, the trial judge stated that the appellant had failed to show that his counsel's actions or inactions prejudiced him in any way.

The test to determine whether or not counsel provided effective assistance at trial is whether or not his or her performance was within the range

---

[1] The appellant's counsel, during his motion for a continuance, stated that the state had failed to timely respond to his motions for discovery. He claimed that the state possessed a shirt found at the crime scene and photographs of the crime scene. These items, he alleges, were not timely delivered to him. The trial judge stated that the appellant's counsel was dilatory in waiting until the trial date to complain about discovery problems. Nevertheless, the shirt was not introduced into evidence at trial and apparently, no photographs existed. Furthermore, the trial judge did not find the shirt to be exculpatory in nature. In fact, at the hearing on the motion for new trial, he allowed the appellant's attorney one week to review the evidence to determine if it was exculpatory in any way. Nothing in the record suggests that appellant's counsel found anything that would have helped his client.

of competence demanded of attorneys in criminal cases. <u>Baxter v. Rose</u>, 523 S.W.2d 930, 936 (Tenn. 1975); <u>Strickland v. Washingtion</u>, 466 U.S. 668, 104 S.Ct 2052, 80 L.Ed. 674 <u>reh'g denied</u>, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984). Under <u>Strickland</u> there is a two-prong test which places the burden on the appellant to show that (1) the representation was deficient, and (2) the deficient representation prejudiced the defense to the point of depriving the defendant of a fair trial with a reliable result. <u>Id</u>. at 687. However, if this Court finds that the appellant suffered no prejudice, any deficiency in his trial counsel is considered harmless. <u>Strickland</u>, 466 U.S. at 693. Therefore, even if the appellant's counsel was ineffective, he must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id</u>. at 693.

The record reveals that the appellant's trial counsel provided effective representation. His attorney cross-examined all of the state's witnesses. He effectively questioned and cast doubt on a police officer's ability to identify the appellant. He elicited the fact that the appellant's fingerprints were not found on the stolen merchandise or on anything associated with the burglary. His performance was within the range of competence demanded of attorneys in criminal trials. Unfortunately, for the appellant, the state had a substantial case against him.[2]

The appellant has not carried the burden of proving that the results of his trial would have been different had he received more effective representation. In fact, at the hearing on the motion for new trial, the trial judge asked the appellant's trial counsel what he would have done differently if he had been more prepared. He was unable to articulate a reasonable strategy. The appellant received effective assistance and was not prejudiced by his counsel's representation. We affirm the judgment of the trial court.

---

[2]The appellant was identified by a police officer pushing a grocery basket behind a building that had just been burglarized. The grocery basket contained stolen merchandise taken from the building. Upon seeing the police, the appellant abandoned the stolen goods and fled. He was found lying in the grass close to the building and was apprehended.

_____
PAUL G. SUMMERS, Judge

CONCUR:


_____
DAVID H. WELLES, Judge


_____
JOE G. RILEY, Judge