[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
This is a habeas matter. The petitioner's petition for writ of habeas corpus, dated November 27, 1995, was filed on February 9, 1996. Counsel was appointed to represent petitioner and filed her appearance on February 28, 1996.
On December 11, 1997, and pursuant to Practice Book. Section 529T (now section 23-41) habeas counsel filed a "Motion for Permission to Withdraw Appearance of Special Public Defender", an "Anders" motion, so-called, Anders v. California, 386 U.S. 738, CT Page 1165787 S.Ct. 1396, 18 L.Ed.2d 493, with reference to the petitioner's claim of ineffective assistance of counsel. Counsel filed a memorandum in support of her motion. This court denied said motion to withdraw appearance by decision filed May 4, 1998, because the court concluded that the petitioner had made an additional claim of actual innocence which had not been addressed in counsel's "Anders" memorandum. The petitioner's Revised Amended Petition was then filed on July 21, 1998, the respondent's return was filed on July 28th and a hearing on the petition was held on August 6, 1998
 II
The petition is in three counts. Count One alleges ineffective assistance of trial counsel. Count Two alleges factual innocence. Count Three alleges violation of due process in that the trial court failed to comply with the requirements of Practice Book, Section 711 (now Section 39-19) in accepting the petitioner's plea of guilty to being a subsequent offender pursuant to General Statutes, Section 21a-279 (a).
 III
The petitioner was the defendant in a criminal case (CR 93-0061461S) originating in the Judicial District of Stamford-Norwalk, G.A. #20 at Norwalk.
On the evening of June 1, 1993, in the Town of Norwalk, the petitioner was arrested and subsequently charged with possession of a narcotic substance in violation of General Statutes, Section21a-279(a) and possession of a narcotic substance within one thousand five hundred feet of a school, in violation of General Statutes, Section 21a-279(d). Additionally, the petitioner was charged with being a subsequent offender by virtue of a conviction on December 8, 1988, on a charge of possession of narcotics in violation of General Statutes, Section 21a-279(a).
On January 20, 1994, after trial, a jury returned a verdict of guilty on the charges of possession and possession within 1500 feet of a school. On the same day, the petitioner entered a plea of guilty to the charge of being a subsequent offender.
On March 8, 1994, the court (Cocco, J.), sentenced the petitioner to ten years imprisonment as a subsequent offender, on the first count, possession; and two years on the charge of CT Page 11658 possession within 1500 feet of a school, to be served consecutive to the ten year sentence, for a total effective term of twelve years.
The petitioner appealed his conviction, State v. Ortiz,41 Conn. App. 904. The judgment was affirmed per curiam and a petition for certification to appeal was subsequently denied.
 IV
The petitioner's Count Three may be dealt with summarily. The petitioner raised the identical claim on appeal (Defendant's [sic] Exhibit 1) and the court on appeal, in affirming the judgment of the trial court, necessarily rejected the petitioner's claim of a defective plea canvas.
Likewise, the petitioner failed to establish his claim of factual innocence. Our Supreme Court, in Miller v. Commissionerof Correction, 242 Conn. 745, has set out the standard for evaluating a freestanding claim of actual innocence. First, the petitioner must establish by clear and convincing evidence that taking into account all evidence — both the evidence adduced at the original criminal trial and the evidence adduced at the habeas corpus trial — he is actually innocent of the crime of which he stands convicted. Second, the petitioner must also establish that, after considering all the evidence and the inferences drawn therefrom as the habeas court did, no reasonable fact-finder would find the petitioner guilty of the crime, Id. at 774. For reasons stated below, the court concludes that the petitioner has failed to meet his burden.
At the time of the habeas hearing, the petitioner was the sole witness He testified that he had no drugs in his possession at the time of the arrest on June 1, 1993 and that the police officers who testified against him at the time of trial, lied. In testifying that he had no drugs in his possession at the time of the arrest, the petitioner merely reiterated his trial testimony. This court found his habeas testimony to be loose, equivocal and contradictory. Id. at 795. No newly discovered exculpatory evidence was proffered. The petitioner did testify that he had a witness, never identified, who could support his claim, but that he, petitioner, had not had enough time to produce said witness. The petitioner did not name this potential witness, did not request a continuance and did not request the assistance of the court in preparing a subpoena for the alleged witness. The court, CT Page 11659 after reviewing the trial transcripts and taking into account the habeas testimony, finds that the petitioner has failed to establish, by clear and convincing evidence, his claim of factual innocence.
In Count One, the petitioner alleges he was denied the effective assistance of counsel in that his trial attorney failed to move to withdraw petitioner's plea pursuant to Practice Book, Sections 720 and 721 (now Sections 39-26 and 39-27). Following the petitioner's conviction by a jury on the counts of possession and possession within 1500 feet of a school, the court took up the "subsequent offender" charge. Trial counsel went off the record to explain the situation to his client, after which the petitioner was put to plea. The petitioner at the time of the habeas hearing failed to persuade the court that trial counsel had failed properly to advise the petitioner of the consequences of his plea of guilty to being a subsequent offender. Further, as noted, the claim of a defective canvas was rejected on appeal. This being the case, there would appear to be no basis for the claim that failure by trial counsel to move to withdraw petitioner's plea constituted ineffective assistance of counsel.
A habeas prisoner, claiming a deprivation of his constitutional right to effective assistance of counsel has the burden of showing that (1) the performance of his counsel was "deficient" in that it was outside the range of reasonable professional assistance of a competent criminal trial or appellate lawyer; and (2) that the deficient performance "prejudiced" the petitioner such that there is a reasonable possibility that, but for the deficient performance of counsel, the result of the proceeding would have been different,Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052,80 L.Ed.2d 674, reh. denied, 467 U.S. 1267, 104 S.Ct. 3562,82 L.Ed.2d 864 (1984). The petitioner has failed to establish that trial counsel's performance was deficient so as to prejudice the petitioner.
 V
The petitioner has failed to establish his claims, or any of them, by the requisite standards of proof. Accordingly, the relief requested is denied and the petition is dismissed.
By the Court CT Page 11660
Downey, J.