was made of what transpired at the inspection. The importance of a record is clearly indicated in that portion of the *Snyder* opinion in which the Court criticized the trial judge for having made an improper comment to the jury during the inspection. *Id.*, at 118. Although this Court excused the trial judge's impropriety as harmless, the pertinent point is that the Court was at least able in *Snyder* to detect the trial judge's error and measure its severity. By contrast, in this case the trial court's failure to preserve a record has effectively nullified any sort of informed appellate review of the jury inspection.

It is doubtful, then, whether the trial court's actions in this case would even have satisfied the standards prevailing at the time of *Snyder*, over 50 years ago. Far more doubtful is whether the trial court's neglectful failures can satisfy present constitutional standards. By excluding petitioners' attorneys from the jury inspection, the trial court violated petitioners' right to counsel at every critical stage of the proceedings against them. See, *e. g.*, *Estelle* v. *Smith*, 451 U. S. 454 (1981) (pretrial psychiatric examination); *Mempa* v. *Rhay*, 389 U. S. 128 (1967) (sentencing); *United States* v. *Wade*, 388 U. S. 218 (1967) (pretrial identification procedure). Furthermore, the trial judge's failure to keep a record of the jury inspection contravenes this Court's insistence that the unique nature of the death penalty demands uniquely stringent policing of the factfinding process. See *Beck* v. *Alabama*, 447 U. S. 625 (1980); *Godfrey* v. *Georgia*, 446 U. S. 420 (1980); *Woodson* v. *North Carolina*, 428 U. S. 280 (1976).

Because petitioners have raised substantial federal constitutional issues that take on added urgency in light of the death sentences pending against them, I dissent from the Court's denial of certiorari.

No. 82–1246. BOSE CORP. *v.* CONSUMERS UNION OF UNITED STATES, INC., 466 U. S. 485;

No. 82–1554. STRICKLAND, SUPERINTENDENT, FLORIDA STATE PRISON, ET AL. *v.* WASHINGTON, 466 U. S. 668;

No. 82–2056. ESCONDIDO MUTUAL WATER CO. ET AL. *v.* LA JOLLA BAND OF MISSION INDIANS ET AL., 466 U. S. 765; and

No. 83–1521. WEISS *v.* EMPLOYER-SHEET METAL WORKERS LOCAL 544 PENSION TRUST PLAN ET AL., 466 U. S. 972. Petitions for rehearing denied.