HERSEY, Chief Judge,
dissenting.
Dawn Ann Sobel makes a convincing presentation, ten years after the fact, that counsel made mistakes during her trial for first degree murder. The initial question is whether the acts or omissions complained of were “outside the wide range of professionally competent assistance.” Strickland v. Washington, 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674, 695, reh’g denied, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984). Such an inquiry “must be based on a presumption of competence and a deferential approach to counsel’s strategy and tactics.” Smith v. State, 457 So.2d 1380, 1381-1382 (Fla.1984). Assuming the errors shown are sufficiently egregious, the second prong of the test of effectiveness of counsel is whether complainant was prejudiced thereby. In this context the test is whether there is a reasonable probability that, but for the errors, the result of the proceeding would have been different.
Not only were there eyewitnesses, but Sobel confessed to the murder with which she is charged. Obviously, her choice of defenses was severely limited by those two circumstances. Trial counsel hypothesized that Sobel was living in a fantasy world as a result of a relationship she was having at the time and presented this hypothesis in the form of an insanity defense. There was more than one purpose behind this strategy and there was testimony available to support the defense. It was not brilliant *1114 strategy (because it failed), but neither was it outside the range of reason.
Sobel’s second basis for her present motion, that a defense witness gave testimony adverse to her, is but one of the everyday vicissitudes of the courtroom. Whether the testimony could have been expected or was anticipated is conjectural, as the facts are in conflict. However, this point is woefully inadequate in any event to support a claim of ineffective assistance of counsel.
Sobel next makes a bald assertion that a motion to suppress physical evidence should have been filed and pursued. There is not the slightest indication in anything this court has examined to support the notion that grounds existed for suppression of the evidence. It is hardly necessary, therefore, to question whether suppression would have made any difference.
Finally, Sobel now insists that trial counsel persisted in representing her despite her frequent attempts to discharge him. There is no record evidence to support this contention beyond what trial counsel himself admits. It is hardly grounds for finding counsel incompetent.
For these reasons, and with all due respect to the opposite leanings of the majority, I would affirm the order denying Sobers motion for relief under rule 3.850, Florida Rules of Criminal Procedure. Therefore, I dissent.