■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN DADE, Appellant.—Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J., at trial and sentence), rendered June 12, 1987, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to an indeterminate term of 7 to 21 years imprisonment, unanimously affirmed.

Defendant's conviction arises out of the stabbing of James Acevedo during an argument on a Bronx street in the late evening hours of August 2, 1986.

We reject defendant's claim that his guilt was not proven beyond a reasonable doubt. Seven eye-witnesses testified that defendant threatened the victim's life and then chased him through the streets. Although some eye-witnesses did not actually see the knife, all testified consistently that at some point during the dispute defendant held something in his hand and made contact with the victim's chest area, after which the victim collapsed, bleeding profusely from a chest wound that caused his death. Defendant testified that he was carrying a knife at the time in question, and although he did not recall stabbing the victim, he admitted throwing the knife into the East River upon learning that he was being sought by the police. In a statement made by defendant at the time of his arrest, he admitted "stabbing at" the victim. Viewing the evidence in the light most favorable to the People, it is clear that a rational trier of fact, applying valid reasoning and permissible inferences, could find that defendant's guilt of manslaughter in the first degree was proven beyond a reasonable doubt *(see, People v Thompson,* 72 NY2d 410, *rearg denied* 73 NY2d 870).

Defendant has offered no factual support for his claim that his counsel failed to provide adequate legal assistance regarding his prospective grand jury testimony and it is noted that defendant advised the court that he would not testify before the grand jury. The defendant was afforded both the opportunity to testify before the grand jury, and a reasonable adjournment for purposes of consulting with counsel.

Defendant's claim on appeal that his trial counsel erred in not requesting a jury charge on manslaughter in the second degree fails logically in light of both the offered defense of justification, and the overwhelming evidence of intentional

conduct on the part of defendant. While defense counsel's advocacy was aggressive and, at times, abrasive, the heated exchanges either occurred outside the presence of the jury, or, when not, were effectively controlled by the court with appropriate instructions. The net effect was an adversarial process that did not deprive defendant of a fair trial by reason of counsel's ineffectiveness. *(Strickland v Washington,* 466 US 668, *reh denied* 467 US 1267.) Concur—Sullivan, J. P., Rosenberger, Wallach, Asch and Kassal, JJ.