[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner, Wallie Poe brings this petition for a Writ of Habeas Corpus alleging that in the appeal of his conviction on two counts of Arson in the First Degree in violation of Connecticut General Statutes §§ 53a-111 (a)(1) and 53a-111
(a)(4) his counsel was ineffective. He is currently serving a sentence of fifteen years execution suspended after twelve years and five years probation on the aforementioned convictions. Subsequent to the sentence, Attorney Thomas Conroy represented the petitioner in the appeal of his conviction. Subsequent thereto, New Haven Legal Assistance (NHLA) was appointed to represent the petitioner in his appeal. However, due to a conflict, that firm was replaced by Attorney Lori Welch-Rubin as petitioner's appellate counsel. Attorney Conroy filed the petitioner's appellate brief which was fifteen pages. (Exhibit A). Attorney Welch-Rubin filed a Motion for Permission to file a Supplemental Brief which the Appellate Court denied. (Exhibits C and D).
The petitioner now makes the following claims relative to his appeal and his appellate counsel, Thomas Conroy:
1. The appellate brief filed by Attorney Conroy was inadequate in that the brief lacked page cites to the trial transcript which resulted in the brief lacking any validity.
2. The appellate brief filed by petitioner's counsel contained only two issues which were inadequately briefed.
3. The appellate brief filed by Attorney Conroy did not include certain issues and claims of error which could have been raised on appeal and which, if included and adequately briefed, would have enabled the petitioner to prevail on appeal and obtain a new trial.
4. Attorney Conroy's acts and omissions, as described above, fell below the level of reasonable competence required of appellate lawyers in Connecticut, especially attorneys representing clients who have been convicted of crimes and who are appealing their convictions. CT Page 1353-GG
5. Due to Attorney Conroy's deficient performance, as described above, there remains a probability sufficient to undermine confidence in the verdict that resulted in the petitioner's appeal. Bunkley v. Commissioner, 222 Conn. 444, 454
(1992).
6. Furthermore, "appellate counsel's performance was so egregious to have burdened the petitioner by an unreliable determination of guilt". Johnson v. Commissioner, 34 Conn. App. 153,165 (1994).
In his Prayer for Relief the petitioner requests the following:
1. That the petitioner be brought before the Court so that justice may be done.
2. That the petitioner's appellate rights be restored.
3. That the petitioner's convictions be overturned and the petitioner obtain a new trial.
4. Such other and further relief as law and justice may require.
The petitioner alleges that the appellate brief filed by Attorney Conroy was inadequate in that it lacked page cites to the trial transcript which resulted in the brief lacking any validity. The requirement that the page cites relative to the trial transcript should appear in the appellant's brief is set forth in Connecticut Practice Book § 4065. It is admitted that Attorney Conroy did not comply with that Practice Book section. However, there is no evidence whatsoever that the petitioner was prejudiced by this noncompliance. The Appellate Court heard the matter on January 3, 1995 (Exhibit E) and rendered a per curiam decision on the appeal on January 31, 1995 at 36 Conn. App. 956.
The petitioner next alleges that Attorney Conroy's appellate brief only contained two issues which were inadequately briefed. These issues were concerned with whether the petitioner had the specific intent needed to convict under Connecticut's Arson Statute and whether the trial court erred when it denied the petitioner's motion to suppress statements which he made in a CT Page 1353-HH government car and arson van at the scene of the fire.
Attorney Welch-Rubin testified at this hearing that you should put forth your strongest issue first in your appellate brief. Here Attorney Conroy argued the specific intent issue first in his brief and according to Attorney Welch-Rubin she would not have pursued that issue at all. She stated it certainly was not the petitioner's strongest appealable issue.
The second issue concerned the motion to suppress which the trial Judge denied at trial. On the day of the fire the petitioner and his wife were both interviewed at the scene relative to this fire. These interviews took place in an unmarked government car and when the arson van arrived the interview was moved to that vehicle. Sometime during the interview a request was made that an accelerant sniffing canine be brought to the scene. The same was done and as the petitioner and his wife were leaving the arson van at the conclusion of their police interview said canine walked over to the petitioner and hit on his sneaker (by sitting thereon). Subsequently the petitioner gave the police permission by signing a consent form to take his clothing and sneakers and to search his car. The petitioner had told the police in answer to their question that on the day of the fire he had not come in contact with flammable liquids such as gasoline, paint thinners, kerosene or turpentine. Later that evening when the police returned to the petitioner's home to retrieve his clothes and sneakers he informed the police he purchased $4.12 of gasoline that day and as he was filling his vehicle with gas it overflowed and some gasoline splashed back on him. In the Motion to Suppress the trial Judge at page 813 of the transcript found the questions of credibility in favor of the State's witnesses where testimony conflicted with the petitioner's evidence. He also found that the petitioner was not in "custody" as that term is used in this context. The trial Judge stated
 "I do not believe that under the circumstances there was a custody as that term is defined by the Connecticut cases specifically a reasonable person in the position of the defendant would believe that he or she was not free to leave."
In fact on page 688 of the trial transcript the petitioner's wife stated she never felt she couldn't leave.
The trial Judge decided the Motion to Suppress based on the evidence and found against the petitioner. Unless the trial Judge CT Page 1353-II was clearly erroneous in his or her fact finding that decision cannot be disturbed. This court finds there is no such evidence of any kind to indicate the trial Judge made clearly erroneous findings of fact.
Attorney Welch-Rubin testified that Attorney Conroy should have pursued the dog sniffing as an illegal search. She also stated that she identified other issues that should have been reviewed after reading the trial transcript but that the Appellate Court would not allow her to brief them. Attorney Welch-Rubin testified that in her opinion the petitioner was a suspect after the dog sniffed his sneakers and sat on them and that at that point he should have been read his Miranda rights. She felt that all statements made by the petitioner after the dog sniffing incident should have been suppressed. She further testified that the consent the petitioner gave to search his clothes was not informed consent.
"Our Supreme Court has adopted the two-pronged analysis ofStrickland v. Washington, supra, to determine if trial counsel's assistance was ineffective. Bunkley v. Commissioner ofCorrection, 222 Conn. 444, 455, 610 A.2d 598 (1992). Sekou v.Warden, 216 Conn. 678, 690, 583 A.2d 1277 (1990). Under this analysis, to prevail on a constitutional claim of ineffective assistance of counsel, the petitioner must demonstrate both (1) deficient performance and (2) actual prejudice. Bunkley v.Commissioner of Correction, supra; Hull v. Warden, 32 Conn. App. 170,174, 628 A.2d 32 (1993); Siano v. Warden, supra." Johnson v.Commissioner of Correction, 36 Conn. App. 695, 701, 701 (1995).
In this matter in order to prevail on his claim, the petitioner must establish (1) that his appellate counsel's performance fell below the required standard of reasonable competence or competence displayed by lawyers with ordinary training and skill in the criminal law, and (2) that this lack of competency contributed so significantly to the affirmance of his conviction as to have deprived him of a fair appeal, thus causing an unreliable conviction to stand. See Valeriano v. Bronson,209 Conn. 75, 84-86, 546 A.2d 1380 (1988); accord Strickland v.Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674, reh. denied, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864
(1984). If the issues not raised by his appellate counsel lack merit, the petitioner cannot sustain even the first part of this dual burden since the failure to pursue unmeritorious claims cannot be considered conduct falling below the level of CT Page 1353-JJ reasonably competent representation. Sekou v. Warden, 216 Conn. 678,690 (1990).
After hearing the evidence this court finds that the petitioner has failed to sustain his burden of proof on either prong of the test set forth in Sekou v. Warden, supra, as to any of the allegations in his Amended Petition dated November 30, 1995. He has not proved that his appellate counsel's representation of him fell below the required standard of reasonable competence and thus he has not proved that his appellate counsel's lack of competency deprived him of a fair appeal, thus causing an unreliable conviction to stand.
For the above reasons the petitioner's habeas corpus petition is denied.
William J. Sullivan, Judge