**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**MARCH SESSION, 1997**



**FILED**

June 30, 1997

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 01C01-9606-CC-00261** |
| | ) | |
| Appellee, | ) | |
| | ) | **WARREN COUNTY** |
| | ) | |
| **V.** | ) | |
| | ) | **HON. CHARLES HASTON, JUDGE** |
| **SHAWN HUFF** | ) | |
| | ) | |
| Appellant. | ) | **(POST-CONVICTION)** |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**CLEMENT DALE POTTER**            **JOHN KNOX WALKUP**
District Public Defender              Attorney General & Reporter

**MICAELA BURNHAM**                **CLINTON J. MORGAN**
Assistant Public Defender            Assistant Attorney General
314 West Main Street                 450 James Robertson Parkway
McMinnville, TN  37110               Nashville, TN  37243-0493

                                     **WILLIAM M. LOCKE**
                                     District Attorney General

                                     **LARRY G. ROSS**
                                     Assistant District Attorney General
                                     Professional Building
                                     P.O. Box 410
                                     McMinnville, TN  37110-0410

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner appeals as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure from the trial court's denial of his Petition for Post-conviction relief. The Petitioner pled guilty to aggravated robbery and was sentenced to eleven (11) years and six (6) months. He filed a petition for post-conviction relief on the grounds that he had ineffective assistance of counsel. The Petitioner argues in this court that his trial counsel was indeed ineffective and the Petitioner should be granted post-conviction relief. We affirm the judgment of the trial court.

The Petitioner was indicted for especially aggravated robbery for an incident which occurred at TranSouth Financial Services in McMinnville, Tennessee. Two masked men walked into TranSouth Financial Services. During the robbery, one of the men sprayed an employee with mace. She barely recognized that a gun was being held in her face, because of the effect of the mace. Just before the men left, the masked man maced her again. She was in extreme pain the rest of the day, even after taking a shower. She has had emotional problems since the incident.

Two co-defendants were also charged following the incident. The Petitioner pled guilty to aggravated robbery on October 26, 1993. The present petition for post-conviction relief was filed on March 1, 1995. The trial court held a hearing and denied this petition. The Petitioner's sole issue on appeal is that he was afforded the ineffective assistance of counsel at his guilty plea.

When a conviction results from a jury verdict, in determining whether counsel provided effective assistance at trial, the court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To succeed on a claim that his counsel was ineffective at trial, a petitioner bears the burden of showing that his counsel made errors so serious that he was not functioning as counsel as guaranteed under the Sixth Amendment and that the deficient representation prejudiced the petitioner resulting in a failure to produce a reliable result. Strickland v. Washington, 466 U.S. 668, 687, reh'g denied, 467 U.S. 1267 (1984); Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). To satisfy the second prong the petitioner must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding petitioner's guilt. Strickland, 466 U.S. at 695. This reasonable probability must be "sufficient to undermine confidence in the outcome." Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994).

When reviewing trial counsel's actions, this court should not use the benefit of hindsight to second-guess trial strategy and criticize counsel's tactics. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Counsel's alleged errors should be judged at the time they were made in light of all facts and circumstances. Strickland, 466 U.S. at 690; see Cooper 849 S.W.2d at 746.

This two part standard of measuring ineffective assistance of counsel also applies to claims arising out of the plea process. Hill v. Lockhart, 474 U.S. 52 (1985). The prejudice requirement is modified so that the petitioner "must show

that there is a reasonable probability that, but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

The Petitioner argues that his counsel was ineffective for several reasons. He argues that his counsel did not investigate the case properly, did not contact witnesses or file pre-trial motions, failed to advise the Petitioner that his co-defendants might not be allowed to testify against him, and that the most serious offense that the Petitioner could have been convicted of in any event was aggravated robbery, and not the especially aggravated robbery charge for which he was indicted.

The circumstances surrounding the time period prior to the Petitioner entering his plea are as follows. The Petitioner admitted that he was involved in the robbery, but only that he drove the car. The men were in the Petitioner's girlfriend's car before the incident. A gun like that used in the robbery was found at the Petitioner's grandfather's house and his grandmother said that he came to visit before and after the time of the robbery. The Petitioner stated that the gun used in the robbery was a toy gun. There were witnesses, in addition to the co-defendants, who would have testified that the Petitioner bragged about spraying the worker with mace. At the time of the incident, the Petitioner was on release status on an appeal bond for an assault charge. That eleven month, twenty-nine day sentence was dismissed as part of his plea bargain.

The Petitioner's trial counsel testified at the hearing on the post-conviction petition. Counsel testified that he did not interview the State's witnesses because he had access to their statements through the district attorney's office. Some of

these witnesses also testified at the hearing. There were stipulations as to the testimony of other witnesses. The clear proof was that the statements received by counsel contained the information the witnesses would have testified to at a trial. Counsel also stated that he anticipated filing motions concerning the injuries involved in the incident at trial. However, counsel thought that the motions would be unsuccessful due to the fact that the question of seriousness of injuries was a jury question. He also stated that relying on his twenty-five (25) years of experience he felt confident that the Petitioner would have been convicted of especially aggravated robbery in a jury trial in Warren County. The Petitioner's trial counsel testified that under the circumstances of the case sub judice, he believed that the best strategy was to get the Petitioner the smallest sentence possible. He believed that the Petitioner would have been convicted of a Class A felony and sentenced to fifteen (15) to twenty-five (25) years if he had gone to trial.

The Petitioner has not shown that his attorney was not properly functioning as counsel as guaranteed under the Sixth Amendment. Judging counsel actions at the time that they occurred and not using hindsight to judge his actions, we do not find that the Petitioner's counsel provided ineffective assistance of counsel.

Therefore, this issue has no merit. The trial court's judgment is affirmed.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
JOSEPH M. TIPTON, Judge


_____
JOE G. RILEY, Judge