[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I PROCEDURAL HISTORY CT Page 9872
The petitioner commenced this matter by filing a Petition for Writ of Habeas Corpus dated December 23, 1997, alleging ineffective assistance of counsel. An amended petition was filed on December 4, 1998. The respondent filed a return on December 30, 1998. The matter was tried for two days and the parties submitted revised legal briefs on July 26, 1999.
 II FACTS
The petitioner was initially charged with the crimes of: Sexual Assault in the First Degree in violation of Connecticut General Statutes § 53a-70 (a)(1); Attempt to Commit Sexual Assault in the First Degree in violation of Connecticut General Statutes § 53a-70 (a)(1) by way of Connecticut General Statutes § 53a-49 (a)(2); and Kidnaping in the First Degree in violation of Connecticut General Statutes § 53a-92 (a)(2) (A) and (B) to which he pleaded not guilty and elected a trial by jury. After a hearing on a Motion to Suppress Identification, Judge Arthur Spada ruled that the photo array was to be suppressed, but an in-court identification would be permitted. The case was tried in January and February of 1995, and the petitioner was found guilty of Sexual Assault in the First Degree in violation of Connecticut General Statutes § 53a-70 (a)(1) and Kidnaping in the First Degree in violation of Connecticut General Statutes § 53a-92 (a)(2)(B). The petitioner was found not guilty on counts two and three, Attempt to Commit Sexual Assault in the First Degree in violation of Connecticut General Statutes § 53a-70 (a)(1) by way of Connecticut General Statutes § 53a-49 (a)(2) and Kidnaping in the First Degree in violation of Connecticut General Statutes § 53a-92
(a)(2)(A). He was sentenced to a term of imprisonment of twenty years on each count to run consecutively for a total, effective sentence of forty years. The petitioner was represented by Public Defender Fred DeCaprio at all times relevant hereto.
The petitioner appealed his conviction to the Connecticut Appellate Court, which appeal was denied by the Court in State v. Lindstrom, 46 Conn. App. 810 (1997). Certification to the Connecticut Supreme Court was denied in State v. Lindstrom,243 Conn. 947 (1997). The petitioner is currently in the custody of the Commissioner of Corrections pursuant to his convictions and subsequent sentence on the charges. CT Page 9873
The petitioner was convicted of the aforementioned charges based upon the testimony of the victim. The victim testified that the petitioner had picked her up on a city street in Hartford after her car had broken down. She further testified that the petitioner forced her, at knife point, to engage in oral sex in the car. The petitioner alleges several grounds upon which he claims that he received ineffective assistance of counsel. The petitioner alleges, inter alia, that Mr. DeCaprio's advice was incomplete because Mr. DeCaprio, he claims, failed to advise him of a plea agreement; failed to advise him of trial strategy, including the theory of defense; failed to discuss the probable sentences he would receive if found guilty; failed to call vital witnesses at time of trial; and failed to obtain and use photographic evidence at trial. Mr. DeCaprio testified that he fully discussed the plea bargain proposal with the petitioner, including the potential maximum sentences he could receive if found guilty. He also discussed the theory of defense with the petitioner, including the fact that petitioner should not testify. The petitioner, he testified, rejected the plea bargain and wanted a jury trial.
 III LAW
"In order for a criminal defendant to prevail on a constitutional claim of ineffective assistance of counsel, he must establish both (1) deficient performance, and (2) actual prejudice. Phillips v. Warden, 220 Conn. 112, 132, 595A.2d 1356 (1991). Thus, he must establish not only that his counsel's performance was deficient, but that as a result thereof, he suffered actual prejudice, namely, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v.Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674, reh. denied, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864
(1984). In this context, a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, does not require the petitioner to show that counsel's deficient conduct more likely than not altered the outcome of the case . . . Rather, it merely requires the petitioner to establish a probability sufficient to undermine confidence in the outcome." (Internal quotation marks omitted.)Bunkley v. Commissioner of Correction, 222 Conn. 444, 445-46
CT Page 9874 (1992). Immaterial error at a trial is inevitable. A criminal defendant is not constitutionally entitled to error free representation. Commissioner of Correction v. Rodriquez,222 Conn. 469, 478, 610 A.2d 631 (1992).
The petitioner maintained that the victim was a prostitute and that she falsely accused him over a fee dispute. Mr. DeCaprio testified that the petitioner agreed with him that the defense would be misidentification, based upon the photo array suppression and discrepancies in the victim's description of the perpetrator and car involved. Mr. DeCaprio determined that this was the better defense and, if appropriate and factually sound, such a decision "will seldom if ever be found wanting."Strickland v. Washington, 466 U.S. 668, 681 (1984).
The petitioner testified that he wanted to testify at his trial. Mr. DeCaprio testified that the matter was discussed and that it was agreed that Mr. Lindstrom should not testify. There was concern on Mr. DeCaprio's part regarding Mr. Lindstrom's lack of alibi and his prior Manslaughter in the First Degree conviction. Obviously, it was felt that his testimony would not be as crucial in a misidentification defense as it would have been in a consent defense case.
Petitioner also contends that there was an inadequate investigation. Petitioner offered several photos to show that the victim could have gone to several houses in the area to make a phone call for help. Mr. DeCaprio testified that his office had an investigator work on the case. Pictures were taken and introduced concerning the car the prosecutor claimed was used. Measurements were taken and introduced covering the distance around the gas station where the victim claimed she could read the registration plate, all intended to impeach the victim's identification claims. The victim was impeached at trial on her drug usage, drug history, mental history, and her history as a thief. There was extensive investigation into the victim's background. The fact that photos of the area may have shown houses where the victim could have called would not seem to tip the scales in a jury's mind, if the other factors did not cause the jury to disbelieve her testimony.
The petitioner claims that Mr. DeCaprio failed to call his sister as a witness. His sister testified at the Habeas trial that she had seen the victim getting in and out of cars, and that the petitioner had previously pointed her out as a prostitute. CT Page 9875 Judge Spada had indicated at trial that he may have allowed this type of testimony. Mr. DeCaprio did not recall her offering to testify at the trial. This testimony strains credibility. Further, even if believed, the jury already had testimony that there was prostitution in the area, and that the victim had denied being a prostitute. This testimony appears to be contrived to conform to Judge Spada's remarks at trial.
Mr. Lindstrom also claimed that Mr. DeCaprio was deficient in not bringing to the Court's attention certain omissions in the arrest warrant application. This claim is without merit since Practice Book §§ 41-8 and 41-9 (then §§ 815 and 816) do not allow any Motion to Dismiss based on facts or lack of facts in a warrant.
There is a strong presumption that counsel's conduct falls within the wide range of reasonable, professional assistance.Strickland, supra, 466 U.S. 689. Judge Spada observed Mr. DeCaprio's performance at trial with the following comment: "So Mr. Lindstrom, good luck to you. You have the services of clearly one of Connecticut's finest lawyers and I don't say that because he is present here. I don't want to embarrass him. He did an outstanding job here. I thought also your argument was excellent."
 IV CONCLUSION
The petitioner has not met his burden of proof. The Court has reviewed the entire transcript of the criminal trial and cannot find any proof of ineffective assistance of counsel. Further, the petitioner's arguments at the habeas trial were not persuasive to the Court. On the contrary, the performance of counsel was exemplary. Assuming, arguendo, that there were any counsel errors, the Court cannot find that the petitioner has established a probability sufficient to undermine confidence in the outcome. It is clear that the jury believed the victim's testimony. The court finds that the petitioner was not prejudiced by any alleged errors of counsel.
For all of the foregoing reasons, the petition for habeas corpus relief is denied, and the petition is dismissed.
Eveleigh, J. CT Page 9876