[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON APPLICATION FOR WRIT OF HABEAS CORPUS
Gregory Green, also known as Gregory Bradley, brings this action for a writ of habeas corpus challenging his conviction of three counts of robbery in the first degree and one count of conspiracy to commit robbery in the first degree. He alleges that his former lawyer, Thomas Conroy, appointed as a special public defender, provided ineffective assistance of counsel at the trial phase and on the subsequent appeal from the conviction. He asks this court to vacate his conviction and vacate his sentence of forty five years, suspended after thirty years, with five years probation.
The amended petition is in three counts. The first count alleges a variety of ways in which Conroy mishandled the trial phase of the case, and in particular mishandled the issue of the petitioner's competency to stand trial. The second count alleges that Conroy's representation at the appeal phase was deficient. CT Page 10863 The third count alleges that the petitioner is innocent in fact.
The standard for affording habeas corpus relief in a case of ineffective assistance of counsel is set forth in Strickland v.Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674, reh. denied, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864
(1984). The two part test in Strickland requires the court to assess (1) whether trial counsel's performance was reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law, and (2) if there was deficient performance, whether it was so serious as to deprive the defendant of a fair trial. Id. The court finds that neither prong of the test has been satisfied.
Attorney Conroy had been practicing law for over ten years when he was appointed to represent the petitioner. The petitioner had previously been represented by Attorney Wayne Sadick. Attorney Sadick had filed a motion to determine the petitioner's competency to stand trial, pursuant to Conn. Gen. Stat. § 54-56d. The court had found the petitioner competent. Thereafter, Attorney Sadick filed notice of intention to rely on a defense of mental disease or defect, and also requested another competency exam. The court denied the request for another competency exam but allowed the State to obtain a psychiatric exam of the petitioner to counter the mental defect defense. At some point in this process, Attorney Sadick died. The court appointed Attorney Conroy to take up the representation of the petitioner.
Attorney Conroy was faced with a formidable case against his client. His client who had some degree of mental impairment had nonetheless been found competent to stand trial. The police had a tape recording of their interview with the petitioner, who, while denying involvement in the crimes, admitted that he had been at the scene of all three robberies, each taking place in New Haven about a week apart. A former co-defendant had pleaded guilty and been sentenced, and had fingered the petitioner as a participant in the three robberies and also in a fourth robbery in West Haven. While none of the victims of the three charged robberies could identify the petitioner, the victim of the West Haven robbery did identify the petitioner. But the petitioner insisted he was not guilty.
Attorney Conroy followed up on the few avenues available to present a credible defense. He first obtained a comprehensive private psychiatric examination of his client by Dr. Donald CT Page 10864 Grayson, a board-certified psychiatrist, to bolster the mental defect defense or to reargue the competency issue. Dr. Grayson, however, found that the petitioner was competent and sane.
Conroy interviewed the petitioner's mother, whom the petitioner had said would state that the petitioner was upstairs in an apartment with her while one of the robberies was occurring outside below. The interview convinced Conroy that her testimony would not be helpful. Conroy filed and pursued motions to suppress the West Haven victim's identification and to suppress the petitioner's statement to police, but the court denied these motions.
Ronald Henderson who admitted complicity in the crimes, and who had pleaded guilty and been sentenced, testified for the State as to the petitioner's involvement in the robberies and in the conspiracy. Henderson's testimony was corroborated by the testimony of the victim of the West Haven robbery who had identified the petitioner as one of the participants in that crime. Conroy cross-examined these individuals. The petitioner, who had prior felony convictions and who still had the West Haven robbery charge pending, elected not to testify at trial. He was convicted on all counts.
The Office of Adult Probation prepared a pre-sentence investigation ("PSI") to assist the judge in determining the sentence. On the advice of Attorney Conroy who was concerned about the disposition of the pending West Haven case, the petitioner elected not to allow himself to be interviewed for the PSI. Sentence was pronounced, and the petitioner, represented by Attorney Conroy, took an appeal.
The issue raised on appeal was whether the trial court erred in admitting into evidence the testimony of the victim in the West Haven robbery in conjunction with the testimony of Henderson, the alleged co-conspirator. Attorney Conroy briefed and argued the issue. The Appellate Court affirmed the judgment.State v. Gregory Bradley, 33. Conn. App. 943 (1994). Conroy also filed a petition for sentence review on the petitioner's behalf. The sentence was affirmed. State v. Bradley, 1994 WL 264121 (Conn.Super.)
The petitioner's broad assertions of ineffective assistance of counsel fall into several categories. The first is that Conroy did not adequately advance the argument that the testimony about CT Page 10865 the West Haven robbery was inadmissable. Amended Petition, para.1-9. On the contrary, the court finds that Conroy moved to suppress the identification of petitioner by the victim of the West Haven robbery, but lost that motion. Conroy moved in limine to exclude evidence linking the petitioner to the West Haven case, but that motion was denied and the evidence came in. Conroy then raised but lost the issue on appeal.
The second category is that Conroy failed to gather information about the petitioner's background and mental state in order to be able to formulate a defense or mitigate the petitioner's culpability for purposes of sentencing. Amended Petition, para. 10-11. Neither claim has merit.
Conroy knew of two previous forensic psychiatric evaluations of the petitioner, one from June-July of 1991 and one from February of 1992, which fully explored the history of the petitioner. Not relying on these two sets of reports from Connecticut Department of Mental Health (DMH) facilities, Conroy retained a private psychiatrist to do a very comprehensive examination that included a full records review. The facts that were developed as a result of all of this information precluded the presentation of a credible incompetency claim or mental defect defense. Any decision about how else to use such information in front of the jury at trial was clearly a matter of trial strategy that counsel was entitled to make and that cannot be the basis for an ineffective assistance claim. Johnson v.Commissioner, 222 Conn. 87, 96-97 (1992)
The petitioner asserts that Conroy failed to be a proper advocate by correcting errors or omissions in the report of the pre-sentence investigation. The petitioner claims, for example, that the PSI omitted reference to two admissions of petitioner to DMH facilities, Riverview Hospital when petitioner was 13 and Connecticut Valley Hospital for three months in 1991. But the PSI does make reference to these hospitalizations and to other aspects of the petitioner's mental health background and educational and social history.
There is no evidence that Conroy's performance as trial or appellate counsel for the petitioner was deficient in any regard. Nor is this court able to conclude, given the evidence arrayed against his client, that even had counsel's performance fallen below the standard of criminal defense counsel of ordinary training and skill, it materially prejudiced the defense or CT Page 10866 created a reasonable probability that the result of the trial or appeal would have been different. Aillon v. Meachum,211 Conn. 352, 357 (1989).
Accordingly, this court finds the issues in favor of the respondent and dismisses the petition.
Patty Jenkins Pittman, Judge