(999 P.2d 280)
No. 81,822

STATE OF KANSAS, *Appellee*, v. ISAAC E. SMITH, *Appellant*.

Opinion filed March 3, 2000.

*Charles E. Whitman*, of The Whitman Law Offices, of Lawrence, for appellant.

*Angela M. Wilson*, assistant district attorney, *Christine Kenney Tonkovich*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before KNUDSON, P.J., PIERRON, J., and VAN HAMPTON, District Judge, assigned.

KNUDSON, J.: Isaac E. Smith appeals the denial of his motion for new trial based upon ineffective assistance of counsel. There are two issues presented for our consideration: (a) Does this court have jurisdiction to consider Smith's appeal; and (b) did the trial court err in denying Smith's motion?

The parties agree and the record establishes that Smith did not file his motion in a timely manner. Consequently, we must first consider whether the trial court had jurisdiction to consider Smith's claim of ineffective assistance of counsel. K.S.A. 22-3501 states that a motion for new trial on grounds other than newly discovered evidence "shall be made within 10 days after the verdict or finding of guilty or within such further time as the court may fix during the 10-day period."

In *State v. Torrance*, 22 Kan. App. 721, Syl. ¶ 7, 922 P.2d 1109 (1996), this court held: "K.S.A. 22-3501 requires a motion for a new trial to be filed within 10 days of a verdict or finding of guilt. The trial court may extend that period of time within its discretion, but such application for extension must be made within that initial 10-day statutory period."

However, there are two circumstances that distinguish this case from *Torrance*. First, Smith raises a constitutional issue of ineffective assistance of counsel. Second, he was convicted and incarcerated for a misdemeanor. Under these circumstances, Smith was entitled to bring habeas corpus proceedings under K.S.A. 60-1501. Consequently, we conclude Smith was before the right court seeking an appropriate remedy under a mislabeled motion for new trial rather than habeas corpus. The trial court appointed counsel, and a full evidentiary hearing was held upon the merits of Smith's claim. In substance, the trial court proceeded in accordance with K.S.A. 60-1501 *et seq*. We conclude the trial court did have jurisdiction.

We turn next to the issue raised by Smith—did the trial court err in not granting his motion for new trial based on his claim of ineffective assistance of counsel? We have adopted the holdings of *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052, *reh. denied* 467 U.S. 1267 (1984). The performance and prejudice prongs of the ineffective assistance of counsel inquiry are mixed question of law and fact requiring de novo review. See *Chamberlain v. State*, 236 Kan. 650, 656-57, 694 P.2d 468 (1985).

Three of Smith's claims can be considered together. Smith alleges his trial attorney, Craig Stancliffe, failed to adequately prepare for trial because he did not review or provide police reports to the defendant, he did not visit the defendant in jail, and he left trial planning until the morning of the trial. Second, Smith claims Stancliffe lacked concentration during the trial. Third, Stancliffe failed to adequately research the background of the witnesses or the woman Smith was accused of battering.

Stancliffe testified he did visit with Smith on several occasions regarding five cases ongoing at the same time. He also testified that Smith would not stay in contact when on bond and failed on one occasion to appear for a suppression hearing. According to

Stancliffe, he reviewed the police reports with Smith but could not recall whether the defendant had asked for the reports. Stancliffe testified he did meet with the defendant the morning of the trial as well as before, and this domestic abuse case did not require much preparation. Stancliffe stated that he was very familiar with the victim because she had been involved in some of the defendant's cases before, and he did not think it was necessary to do any further background check on her.

The trial court found Stancliffe was clearly prepared based on his cross-examination of the witnesses and the fact that the defendant was acquitted on two of the three charges. Smith does not explain in his brief how a more thorough investigation of the victim's background would have been of benefit. The same trial judge presided over both the trial and the motion hearing and was in a better opportunity to observe Stancliffe's preparation. Based on the testimony at the motion hearing and the trial court's findings, it does not appear Stancliffe's performance was deficient regarding these claims.

Smith also raises numerous claims regarding Stancliffe's trial tactics. The trial court found it is a normal defense tactic to keep out as much bad conduct or prior convictions as possible, and he told the defendant "the defense of conspiracy would have been a horrible mistake on your behalf." We believe deference should be shown to the observations of the trial judge who was in a much more advantageous position than this court to appreciate the tactics of counsel. Moreover, the decisions now being questioned by Smith are clearly within the province of the defense counsel after consultation with his client. See *Winter v. State*, 210 Kan. 597, Syl. ¶ 2, 502 P.2d 733 (1972).

Finally, Smith raises incidental claims that are not adequately briefed. An issue not briefed is deemed abandoned. See *State v. Gardner*, 264 Kan. 95, 106, 955 P.2d 1199 (1998).

We conclude Smith's claims of ineffective counsel are without legal merit, and we affirm the decision of the trial court.

Affirmed.