[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On November 7, 1997, the petitioner James Hanton was convicted in the Judicial District of Ansonia-Milford of Robbery in the first degree, in violation of Conn.Gen. Stat. § 53a-134. The petitioner was convicted pursuant to guilty plea under the Alford doctrine The underlying offense occurred at a Wawa convenience store in West Haven on June 24, 1996. The petitioner was sentenced to a term of thirteen years to run concurrently with a sentence he was serving on another robbery conviction, for an offense that had occurred at a Dunkin' Donuts in New Haven.
The petitioner brings this habeas petition, challenging the lawfulness of his confinement, on the grounds that he received ineffective assistance of trial counsel in four ways: a) failure to interview witnesses who could provide an alibi for the petitioner; b) failure to investigate the circumstances of an alleged confession to the offense by the petitioner; c) failure to file a motion to suppress the confession; and d) failure to prepare for trial.
This court conducted an evidentiary hearing on the petition. The court heard testimony from the petitioner himself, from his trial counsel Attorney Vito Castignoli, and from Detective Andrew Faggio of the New Haven Police Department who was present when the petitioner admitted participating in the New Haven and West Haven robberies. The petitioner was ably represented in this habeas corpus proceeding by counsel who fully explored in this hearing all issues upon which this habeas petition could have been grounded.
The court finds the following facts:
The West Haven Wawa robbery occurred on June 24, 1996. On July 14, 1996, the petitioner was arrested on State Street in New Haven. At the time of the remainder of the relevant events, he remained incarcerated CT Page 332 for violation of probation from some earlier offense. He initially gave no statement about the New Haven or West Haven robberies.
On July 30, 1996, the petitioner was interviewed at one of the New Haven courthouses by Detective Faggio and other officers about the New Haven Dunkin' Donuts robbery. The New Haven police regarded the petitioner as a suspect because one of the witnesses to that hold-up said that the partially masked perpetrator reminded her of a former employee named James, later determined to be the petitioner James Hanton. The petitioner was advised of and waived his Miranda rights. He then gave a statement implicating himself in both the New Haven and West Haven robberies and identifying an accomplice, known as Bob. The confession was recorded on audiotape and later transcribed. The petitioner was again interviewed on August 9, 1996, this time in Bridgeport, and after waiving his rights he picked out his accomplice Bob from a photo array shown to him by the interviewing officers. An arrest warrant was signed on October 1, 1996, and served thereafter on the petitioner charging him with the West Haven Wawa robbery.
Counsel was appointed for the petitioner. The petitioner did not initially tell his counsel anything about having confessed. Rather he maintained that he had an alibi: that he had been attending a family celebration in Bridgeport at the time of the Wawa robbery, and that there was videotape footage of the event to prove it. Also he said that his sister Linda Hanton and two other attendees at the party would be good witnesses on his behalf Counsel then learned of the confession.
Nonetheless counsel conducted an investigation of the circumstances of the crime and the alibi defense of the petitioner. Petitioner's counsel spoke with Linda Hanton by phone and determined that she would not be a helpful witness. One of the two other witnesses from the party had died in the meantime and Castignoli did not speak to the other. However, counsel did determine as part of his investigation that evidence of the family party occurring on the evening of June 23 in Bridgeport would be insufficient to supply an alibi for a robbery that occurred in West Haven at 2:00 A.M. on June 24.
As for the issues surrounding the confessions, counsel was provided with a copy of the transcript of the confessions and access to the audiotape for verification purposes. The original or a copy of the audiotape was also made available to Attorney Michael Moskowitz who was representing the petitioner on the New Haven robbery. When Attorney Castignoli questioned the petitioner about the circumstances of the confession, the petitioner told him that he had indeed waived his Miranda rights, which eliminated the grounds for filing a motion to suppress. CT Page 333
The petitioner maintained to his trial counsel, however, and continues to maintain in this habeas proceeding, that, while he was interviewed by detectives in July or August 1996, he gave no inculpatory statements of any kind; that there was no audiotaping of any kind that occurred during his interview; and that if the transcription of the interview did jibe with the audiotape, the words were spoken by someone who was impersonating the petitioner since he himself never spoke any such words.
This court finds to the contrary. The detectives who interviewed the petitioner were entirely professional and thorough in their investigation. Attorney Castignoli confirms that such a tape existed and that he relied on Attorney Moskowitz's investigation as to the tape's authenticity.
Even if no such tape recording had been made or preserved for a period of time (it was not available at this hearing), the testimony of Detective Faggio who was present during the petitioner's confession was entirely credible. Detective Faggio heard the entire statement of the petitioner contained in Exhibit H in this case, and verified that it was freely and voluntarily given by the petitioner James Hanton in the presence of Faggio and brother New Haven Detectives Haley and Cartoceti, and West Haven Detective Kasowitz. In fact at this trial, petitioner's habeas counsel vigorously pursued the issue of how Detective Faggio could be certain that James Hanton was the man who had made the incriminating statement, given that the audiotape was no longer available, and that the confession had never actually been reviewed and signed by the petitioner. Detective Faggio's response was that he and his partners had taken Polaroid photographs at the time of the man who made the statement and retained them in the investigative file on the Dunkin' Donuts and Wawa robberies. Those photographs were produced at trial, Exhibits K, L, and M, and are indeed photos of the petitioner.
The legal standards by which a claim of ineffective assistance of trial counsel are to be measured are those enunciated in Strickland v.Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, reh. denied,467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984): ". . . that counsel's performance was deficient . . . [and] that the deficient performance prejudiced the defense. . . ." Id., 466 U.S. at 687. The petitioner has satisfied neither prong of the Strickland test.
This court cannot find that the performance of trial counsel was deficient in any way. The petitioner had confessed on two occasions to the crime of which he was convicted. No grounds existed to suppress the confession. Four police detectives had been present at the July 30, 1996, confession, all of whom could testify that the petitioner made a CT Page 334 lengthy and detailed inculpatory statement. Also the audiotape existed at the time. The petitioner's alibi claim turned out not to be helpful given the time and place of the crime, and of the three witnesses whom the petitioner said could be helpful in supplying the alibi, one had died and the most important of the three could supply no useful information. The thorough investigation of trial counsel led him to recommend the plea agreement to the petitioner, a piece of advice that was both professional and wise.
The court finds no support for the petitioner's claims in his habeas corpus petition. The petition is dismissed.
Patty Jenkins Pittman, Judge