[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Facts
The petitioner, Darryl Hollis, pled guilty on September 15, 2000 to a substituted information which charged him with robbery in the first degree involving the use, or threat of use, of a dangerous weapon in violation of Connecticut General Statues § 53a-134 (a)(3) and unlawful restraint in the first degree in violation of Connecticut General Statutes § 53a-95 (a) both allegedly committed on or about October 30, 1999. The September 15, 2000 plea was entered pursuant to the Alfred Doctrine to robbery in the first degree involving an unlawful instrument and unlawful restraint in the first degree.
The petitioner was canvassed by the court Nigro, J., who accepted the pleas and entered findings that the pleas were voluntary, made with an understanding of the crime charged, and after effective assistance of competent counsel. No claim is made that Judge Nigro's canvas was in any manner defective.
The petitioner now claims the guilty pleas accepted by the court were not intelligently, knowingly, and voluntarily made. On March 16, 2001, Judge Nigro sentenced the petitioner to ten years incarceration, execution suspended after three and a half years and five years CT Page 6375 probation. At the time of the plea, the petitioner had pled with an agreement for ten years suspended after a cap of five years and an agreement that the time to be served would be one year less than the time to be served by a co-defendant who appears to have been more actively involved in the incident. At the time of the canvas, the co-defendant had not been sentenced nor had he agreed to a specific amount of time to be served.
Discussion
At the hearing on this matter, Attorney Mark Phillips, a part A contracts special public defender, who represented the petitioner from on or about the date of the arrest on October 4, 1999 until late July or early August of 2000 testified. Attorney Lindy Urso, who represented the defendant from early August of 2000 to the plea on September 15, 2000, also testified. Finally the petitioner Darryl Hollis testified at the hearing.
The petitioner's argument is grounded in the Supreme Court holding ofCopas v. Commissioner of Correction, 234 Conn. 139 (1995). Copas analyzes the United States Supreme Court holdings in Strickland v. Washington,466 U.S. 668 rehearing denied 467 U.S. 1267 (1984) and Hill v. Lockhart,474 U.S. 52 (1985) and formulates a state standard for ineffective assistance of counsel which causes a defendant to plea guilty. In Copas
the court wrote:
 "We next consider the respondent's claim that the petitioner has not shown, as required by the Hill/Strickland standard, that, but for defense counsel's failure to investigate potential defenses on mental incapacity and extreme emotional disturbance, he would have proceeded to trial rather than pleaded guilty. The respondent also contends that the petitioner has failed to demonstrate that any such defense would have been likely to succeed at trial and asserts that the outcome of this case would have been the same regardless of the competence of petitioner's counsel."
Copas at 152.
In Hill v. Lockhart, supra, 474 U.S. 57-58, the court determined that the same two part standard applies to claims arising from the plea negotiation process and that the same justifications for imposing the prejudice requirement in Strickland, were relevant in the context of guilty pleas. The Hill court stated that the petitioner must show that CT Page 6376 the decisions to plead not guilty would have been based on the likelihood that the introduction of the evidence or the defense that was not identified because of ineffective assistance of counsel would have been successful at trial.
In the instant case, the petitioner, represented by counsel before this court, presented no expert testimony to support his claim of ineffective assistance. The testimony of Attorney Phillips or Attorney Urso was that at one time the petitioner had claimed that his mother would provide an alibi, at another time that two male friends would provide him with an alibi, and finally that two female friends would provide an alibi. Attorney Phillips and an investigator whom he employed appeared to make some progress on obtaining certain exculpatory information short of a full alibi from the two male acquaintances, however, neither Attorney Phillips nor his investigator was able to get either witness to agree to cooperate as a witness at a trial if one were held. Attorney Phillips did not have the exculpatory information in a form which would have been admissible at trial. Further, Attorney Phillips testified that while the statements which he received from the two individuals would have been helpful in the event of a trial, they would not, in and of themselves, had been sufficient to change the result even if he could have gotten cooperation from the witnesses. Attorney Phillips spoke to the petitioner's mother who could not provide an alibi. He could not find the petitioner's girlfriend who might have provided some exculpatory evidence. During much of the time that the attorneys, particularly Attorney Phillips, were searching for defense witnesses who could not be found or would not cooperate, the petitioner was free on bail and seemed to have no more success than Attorney Phillips in getting cooperation from the witnesses. The defendant had been picked from a photo lineup by the victim. In the opinion of both defense attorneys the state's case was strong. The petitioner Hollis testified that he believed he was facing eighty years if convicted on all of the original counts.
Faced with a strong government case, alibi witnesses who could not be found or would not testify, and a potential sentence in the neighborhood of eighty years, the petitioner pled for an agreed upon recommendation often years suspended after five with certain other provisions that were likely to reduce the five years. In fact, the petitioner was sentenced to serve three and one half years.
It is at least conceivable to the court, that the petitioner may have been less directly responsible for the crime than his co-defendant. It may even be true that the state's strongest case was some type of conspiracy or accessory charge. However, it appears abundantly clear that if the petitioner had chosen to go to trial, he had a substantial risk of conviction. In the event of conviction, he was likely to serve a very CT Page 6377 lengthy prison sentence.
Conclusion
This court concludes that neither Mr. Phillips nor Mr. Urso rendered a performance which was not reasonably competent or which failed to be within the range of competence expected by attorneys with ordinary training and skill in criminal law. Further the court finds that even if counsels' performance was found to be substandard, there is no reasonable probability that the result of the proceedings would have been different or that the petitioner was in any manner prejudiced by accepting the plea bargain which he accepted.
The request for a writ of habeas corpus is dismissed.
 ___________________ Booth, J