**Jason Dale JACK, Petitioner—Appellant,**

v.

**Joseph L. MCGRATH, Warden, Respondent—Appellee.**

No. 04–16124.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 15, 2005.

Decided Aug. 3, 2005.

---

---

C. Roman Rector, Esq., Sacramento, CA, for Petitioner–Appellant.

Robert R. Anderson, Depty Atty Gen., Erik R. Brunkal, Office of the California Attorney General Department of Justice, Sacramento, CA, for Respondent–Appellee.

Before: SCHROEDER, Chief Judge, CANBY, Circuit Judge, and DUFFY,* District Judge.

### MEMORANDUM **

Jason Jack appeals the district court's denial of his federal habeas corpus petition challenging his state convictions on two counts of first degree murder in connection with a gang-related slaying in 1994.

■ Jack first maintains that the state court's rejection of his claim of ineffective assistance of counsel was an unreasonable application of *Strickland v. Washington*, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984). Jack contends that his attorney did not properly prepare for trial and failed to adequately seek out and assess exculpatory witnesses. Jack's attorney had, however, hired a private investigator who interviewed several witnesses. Jack has also not shown that the witnesses' testimony would have produced a different result, and there are clear strategic reasons why his attorney may have decided not to interview or call certain witnesses, since their faculties were impaired at the time of the shooting. The state court's determination that Jack suffered no prejudice under the *Strickland* standard is not an unreasonable application of that standard. Jack also relies on a witness' recantation. He is not entitled to have a proffered recantation of a witness' trial testimony serve as conclusive proof of actual innocence. *See* 28 U.S.C. § 2254(e)(1); *Hysler v. Florida,* 315 U.S. 411, 413, 62 S.Ct. 688, 86 L.Ed. 932 (1942). This particular recantation, moreover, appears inherently suspect. The witness had given Jack's investigator four different versions of the shooting, and her credibility was tested extensively at trial.

■ Jack's contention that the trial court should have given a special California cautionary instruction does not rise to the level of a federal due process violation.

AFFIRMED.

---

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.