[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PETITIONS FOR HABEAS CORPUS
In these two petitions for habeas corpus relief, the petitioner claims ineffective assistance of trial counsel and prior habeas counsel. Because the court finds no ineffective assistance of prior trial counsel, the court will not separately discuss the claim of ineffective assistance of prior habeas counsel.
On October 16, 1991, the petitioner was convicted after a jury trial of the crimes of Assault in the First Degree, Sexual Assault in the First Degree, and Kidnapping. He was sentenced to a total effective sentence of twenty years. The petitioner is currently serving the imposed sentence. He appealed the conviction, but the conviction was affirmed. State v.Tucker, 226 Conn. 618 (1993). He then filed an earlier petition for writ of habeas corpus and was assigned an attorney to assist him. On November 9, 1995, that attorney was allowed to withdraw his appearance after filing an Anders motion.[1] The petitioner proceeded pro se. On May 2, 1996, the court dismissed the petition (Bishop, J.).
Thereafter the petitioner filed new petitions which are the ones before CT Page 8640 this court. The respondent moved to dismiss the petitions, asserting that the new petitions (which have been consolidated for trial) reallege the same legal grounds as previously advanced by petitioner. The court (Alander, J.) denied the Motion to Dismiss in the consolidated cases.
This hearing followed. The petitioner was present with new counsel. He testified in his own behalf. The court also heard evidence from a sergeant with the New Haven Police Department who was familiar with booking procedures and with the petitioner's records in particular. Also the court received in evidence and reviewed the entire trial transcript of the petitioner's jury trial.
The petitioner was arrested in New Haven on August 25, 1990. The victim testified that she was walking down the sidewalk in the early morning hours of August 25, 1990, when a man she had first seen a few moments before grabbed her by her hands and forcibly carried her behind a building. She screamed and tried to free herself. The assailant threw her to the ground. When she continued to scream, the assailant beat her face with his fists. He sexually assaulted the victim on the ground. When the assailant stood up, a spotlight operated by the police fell upon the assailant and the victim. The police officer who was responding to the 9-1-1 calls of neighbors in the area observed the assailant with pants and underwear down to his knees standing over the victim. The assailant pulled up his pants and fled but was apprehended by the police after a foot chase that lasted about thirty seconds. The assailant was placed in handcuffs and was walked back to the scene. There the assailant was positively identified as the defendant/petitioner by the victim.
In this habeas action, the petitioner claims that his trial counsel was ineffective in not obtaining the mug shot taken of the petitioner as he was processed in at the police station after the arrest. The petitioner testified that such a photo was taken. Sergeant Illingworth of the New Haven Police Department testified that such a photograph would have been taken. No such photograph has been located by the department, however, despite a diligent search. Sergeant Illingworth testified that under former police procedures such as were in effect before 1992, if the photo or negative was fuzzy and the number on it could not be read, the photo might not have been filed in the proper arrest record. She was familiar with the petitioner's file "jacket" at the New Haven Police Department records division. Although the petitioner's file contained other information collected on the night of the petitioner's arrest, such as fingerprints, it did not contain a photo.
The amended petition for a writ of habeas corpus has as its underpinnings the belief by petitioner that a photograph of him taken by the New Haven Police Department as part of his booking shortly after his CT Page 8641 arrest would have provided exculpatory evidence that his trial counsel should have obtained and utilized. The petitioner claims that he asked his lawyer to obtain the photograph, but that his trial counsel said it would not do any good. The petitioner claims that this constitutes ineffective assistance of trial counsel, and that thereafter the failure of former habeas counsel to investigate and raise this claim constitutes ineffective assistance of habeas counsel. The facts, however, are otherwise.
The petitioner has failed to prove that the photograph was available at the time of trial or, indeed, ever existed as an identifiable photo. Assuming that a mug shot was taken of the petitioner at the time of his arrest, the likely explanation for why it is not in the records now is that it was not in the records then, because the attempt to develop the mug shot did not actually reveal an identifiable image of the petitioner. So that even if trial counsel had determined that the photo might be helpful, the photo was missing then just as it is missing now.
Second, the petitioner has failed to prove that the photo would have been of any assistance to him. The victim offered no testimony that she had injured the assailant's face in any way. The absence of any scratches, bite marks, or other injury to his face as evidenced by the photo would therefore prove nothing. If the petitioner did discuss the existence of such a photo with his lawyer, the comment by trial counsel to him that the photo was unhelpful was realistic advice and was in no way ineffective assistance of counsel.
Finally even if the court assumes those other facts not proven — that an identifiable photo of petitioner's face existed, that the photo showed no facial injuries, and that the struggle between the victim and her assailant was such that a photo of the assailant's face would reveal injuries — it would have made no difference in the outcome at trial. The evidence against the petitioner was overwhelming. The police caught him in the act.
The legal standards by which a claim of ineffective assistance of trial counsel or habeas counsel are to be measured are those enunciated inStrickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, reh. denied, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984): ". . . . that counsel's performance was deficient . . . [and] that the deficient performance prejudiced the defense. . . ." Id.,466 U.S. at 687. The petitioner has satisfied neither prong of the Strickland test in either of his petitions.
Accordingly the petitions are dismissed. CT Page 8642
Patty Jenkins Pittman, Judge