[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
 I
This is a habeas matter. The petitioner, Bennie G. Gray, Jr., pro se, alleges his conviction is illegal by virtue of ineffective assistance of counsel and judicial and prosecutorial misconduct.
The petition was filed on October 28, 1999. An Amended Petition was filed on January 3, 2000. The respondent's Return was filed on March 24, 2000. A hearing on the merits opened on May 11, 2000 and continued on June 20, 2000, when the parties rested.
 II
The petitioner and his cousin, Tavorus Fluker, were arrested in connection with the death, on November 19, 1997, of DeJohn Strong. The petitioner was eighteen years of age at the time. On September 10, 1998, the petitioner pled nolo contendere to a substitute information charging him with Manslaughter in the First Degree with a Firearm, in violation of CT Page 9403 General Statutes, § 53a-55a. On November 17, 1999, the petitioner was sentenced by the Court (Miano, J.) to a term of twenty years imprisonment, to be served consecutive to a three year sentence he was then serving. In the course of negotiations leading to his plea, and at the sentencing, the petitioner was represented by Attorney Burton M. Weinstein.
If convicted of manslaughter in the first degree with a firearm, the petitioner faced a maximum sentence of forty years imprisonment with a mandatory five year minimum. As a result of plea negotiations the petitioner agreed to enter a plea of nolo contendere to the manslaughter charge, in return for which the State would ask for a cap of twenty years to be served, consecutive to the petitioner's then current sentence, with the petitioner free to argue for less. At the time of plea, the judge, in the course of a thorough canvass, made clear to the petitioner that should the petitioner enter a plea and subsequently seek to withdraw said plea, it was highly unlikely the judge would allow him to do so.
At the time of sentencing, the petitioner indicated he wished to dismiss his attorney, withdraw his plea and obtain a continuance to obtain other counsel. The Court refused to grant the petitioner a continuance and refused to let him withdraw his plea. After the Court urged him to reconsider his decision to dismiss his attorney and to represent himself, the petitioner elected to retain Weinstein as his attorney at the sentencing hearing. Following oral argument, and after statements by members of the victim's family and the petitioner's family, as well as a statement by the petitioner, the Court sentenced the petitioner to a term of twenty years imprisonment, to be served consecutive to the sentence he was then serving.
 III
The claim of petitioner is that his attorney developed a conflict of interest in the course of his representation, when, following the untimely death, in May, 1998, of Evelyn J. Gray, the petitioner's mother, in a motor vehicle collision, the attorney sought to represent the mother's heirs in a wrongful death suit. A dispute, indeed, arose among the relatives in probate court as to who should administer the estate of the deceased, and Weinstein entered an appearance in behalf of a sister of the deceased, Debra Bryant, mother of the petitioner's co-defendant, Tavorus Fluker. The petitioner claims Weinstein was more focused on the wrongful death claim than on the petitioner's defense.
Specifically, the petitioner alleges that his attorney, at the time of the plea hearing told Debra Bryant that the petitioner should take the plea offer, but that the petitioner was contemplating an alibi defense, CT Page 9404 leaving Tavorus to "take the weight." At the habeas hearing, Debra Bryant testified to this effect. Other family members testified that Weinstein had persistently sought their agreement to retain him to represent the heirs in a wrongful death action on behalf of Evelyn Gray's estate.
 IV
In order for a criminal defendant to prevail on a constitutional claim of ineffective assistance of counsel, he must establish (1) that the performance of his counsel was "deficient" in that it was outside the range of reasonable professional assistance of a competent trial or appellate lawyer; and (2) that the deficient performance "prejudiced" the petitioner such that there is a reasonable probability, that, but for the deficient performance of counsel, the result would have been different.Strickland v. Washington, 466 U.S. 668, 687-94, 104 S.Ct. 2052,80 L.Ed.2d 674, reh. denied, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864
(1984). The right to counsel is the right to the effective assistance of counsel at all critical stages of legal proceedings. Id., at 686. (quotation marks, citation omitted). Pretrial negotiation implicating the decision whether to plead guilty is a critical stage in criminal proceedings, Colson v. Smith, 438 F.2d 1075, 1078 (5th Circuit, 1971). Where, however, the defendant claims that his counsel was "burdened by an actual conflict of interest"; Strickland v. Washington, supra, at 692; the defendant need not establish actual prejudice. Id. Where there is an actual conflict of interest, prejudice is presumed because "counsel [has] breach[ed] the duty of loyalty, perhaps the most basic of counsel's duties" Id. In a case of a claimed conflict of interest, therefore, in order to establish a violation of the Sixth Amendment, a defendant must establish (1) that counsel actively represented conflicting interests and (2) that an actual conflict of interest adversely affected his lawyer's performance, Phillips v. Warden, 220 Conn. 112, 133 (citations, quotation marks omitted). This the petitioner has failed to do.
The Court notes that the probate dispute (concerning who would be named administrator of the estate) may have been resolved by the time of the petitioner's plea hearing. The petitioner has failed to establish, by a fair preponderance of the evidence, that his lawyer actively represented conflicting interests at the time of the petitioner's plea or sentencing hearings. Assuming, arguendo, that the petitioner has made a colorable claim of attorney misconduct, the petitioner has failed to demonstrate that his counsel's representation of Debra Bryant at the Probate Court or Weinstein's efforts to represent the estate in a wrongful death action adversely affected Weinstein's performance as petitioner's counsel.
Viewing counsel's performance in the circumstances existing at the time of plea, his advice to the petitioner to accept the State's offer was CT Page 9405 reasonable and well within the range of competence of an experienced trial lawyer in such circumstances. The petitioner faced a maximum exposure of forty years, consecutive to the sentence he was then serving. While the State had some concern regarding the credibility of a key witness, sufficient to make the offer, it had other evidence and was prepared to try the case. The state's attorney acknowledged at the hearing that Weinstein's cross-examination at the probable cause hearings was instrumental in causing the State's credibility concerns regarding the witness. The Court, after a thorough canvass, found that the petitioner's plea was made knowingly, voluntarily and intelligently and with the effective assistance of counsel and the petitioner has failed to establish the contrary in this habeas proceeding.
The petitioner has also claimed that the Court, (Miano, J.) had demonstrated bias or prejudice toward him and acted in violation of Canon 3d. of the Code of Judicial Conduct. A review of the transcripts of both the plea and sentencing hearings shows that this claim is without merit. Claims of misconduct by the Court, (Parker, J.) in holding a second probable cause hearing are also without merit, as is the claim that the state's attorney violated Rule 3.8 of the Rules of Professional Conduct "in seeking a second probable cause hearing."
 IV
The petitioner has failed to establish, by a fair preponderance of the evidence, any of his claims. The petition is, accordingly, dismissed and judgment may enter in favor of the respondent.
By the Court,
Downey, J.