[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PETITION FOR WRIT OF HABEAS CORPUS
The petitioner Marion Anthony Rice has filed a petition for a writ of habeas corpus alleging that the criminal conviction on which he is held by the respondent warden is tainted by the ineffective assistance of trial and appellate counsel.
The petitioner was convicted after a jury trial of Kidnapping and of Carrying a Pistol without a Permit; he was acquitted of the charge of Robbery in the Second Degree and Larceny in the Third Degree. He was sentenced to a total effective sentence of fifteen years (eighteen years, suspended after fifteen on the kidnap charge, and five years concurrent on the weapons violation). He appealed his conviction to the Appellate Court. The Appellate Court affirmed the judgment. State v.Rice, 44 Conn. App. 919, 690 A.2d 436 (1997). Thereafter the petitioner CT Page 10988 petitioned for certification to the Supreme Court. Initially the Supreme Court granted the petition, State v. Rice, 240 Conn. 931, 693 A.2d 301
(1997), limited to one issue regarding the restriction of the scope of the cross-examination of a state's witness; but the Supreme Court later dismissed the petition as improvidently granted. State v. Rice,243 Conn. 391, 702 A.2d 409 (1997).
The petitioner now files this habeas action, the trial of which began on February 29, 2000. At the close of the evidence that day, the petitioner, though represented by counsel, asked to address the court. He was allowed to do so. He indicated that he did not feel as though he had been able to consult thoroughly with his counsel and that there were other issues he thought should be raised. The court took this to be an oral motion for an extension of time to amend the petition and for a postponement. The court granted the petitioner's request and held the evidence open for a number of months to allow the petitioner and his counsel to consult with one another, which they have done; to allow time for the filing of an amended petition which the petitioner has filed; and to allow time to assemble and present additional evidence which was presented in court on August 22, 2000.
The second amended petition claims that trial counsel Michael Moscowitz and appellate counsel Robert Golger rendered ineffective assistance of counsel. The claims are that trial counsel failed to interview witnesses, failed to use a prior inconsistent statement to impeach the testimony of the victim, failed to object to the reasonable doubt instruction, failed to request a jury charge on lesser included offenses, failed to challenge the sufficiency of the evidence and present an adequate theory of defense, and failed to preserve the record of certain stricken testimony from a witness. The claims regarding appellate counsel are that he failed to address the sufficiency of the evidence regarding the arrest warrant and that he failed to address the lack of a weapon issue.
The trial on the underlying criminal charges took place on March 28 through April 3, 1995. The incident that gave rise to the charges against the accused took place on October 10, 1994, in New Haven. The victim, Samuel Short, testified that he had known the accused for a number of years. On the evening in question Mr. Short was driving around in his car accompanied by a friend named Raymond Turner. Both Mr. Short and Mr. Turner testified that they saw an acquaintance named Ronnie Doval on the street. Mr. Doval motioned for them to stop. They parked their car and approached Mr. Doval. Then another man whom Mr. Turner did not know but whom Mr. Short recognized as the petitioner Anthony Rice approached them and told Mr. Short to get in the car. Mr. Short got in the driver's seat and Mr. Rice got in the back seat, and they drove away together, leaving CT Page 10989 Mr. Turner behind. Mr. Turner stated that the man had a gun, although Mr. Turner did not see the man point the gun at Mr. Short. Mr. Short testified that he saw the gun before he got in the car but that only once he and Mr. Rice were in the car and began to drive away did Mr. Rice point the gun at him.
Mr. Short testified that Mr. Rice pressed the gun into Mr. Short's side and eventually directed Mr. Short to park the car in a parking lot behind the Elk's Lodge on Dixwell Avenue. Mr. Rice then took from Mr. Short a gun that Mr. Short had in his car, some cash, and a beeper. Mr. Rice directed Mr. Short to drive to a nearby street where took the stolen gun out of the car and put it in his house. Mr. Johnson came out of his house, got back in the car, and was dropped off at Mr. Rice's direction at the other end of the street where he had first been picked up.
Mr. Rice then directed Mr. Short to drive to a convenience store to buy a cigar to use to smoke marijuana. Mr. Short testified that he went into the store while Mr. Rice waited in the car. Mr. Short said that the store had no cigars, that he got back in the car and at Mr. Rice's direction drove Mr. Rice to the neighborhood where he had picked him
Mr. Rice then got out of the car, and Mr. Short drove home and called the police.
Mr. Short admitted that for a period of years he had worked for Mr. Rice selling illegal drugs. Mr. Short testified that he quit selling drugs because he didn't feel he was making enough money. When Mr. Short quit selling drugs for Mr. Rice, Mr. Rice maintained that Mr. Short still owed him money. Mr. Short testified that two or three months before this incident Mr. Rice had said he was going to get the money from Mr. Short, and Mr. Short had said "I'm not going to pay you because I don't owe you."
Mr. Rice chose not to testify in his criminal trial. He presented the testimony of John Rivera, who testified that he was at the initial encounter when Mr. Short and Mr. Rice drove away together and that nothing of an unusual nature occurred. The petitioner also presented the testimony of Don Johnson who testified that the ride up Henry Street was uneventful.
The petitioner's attorney Michael Moscowitz was vigorous in his advocacy for Mr. Rice. It came out that the only person in a position to observe the events was Mr. Short, that Mr. Short had a preexisting conflict with the petitioner, that there were bad feelings between Mr. Short and other members of the petitioner's family, that Mr. Short was currently on probation for a narcotics charge, that Mr. Short lied to the CT Page 10990 police about the location of part of the incident, and that Mr. Short had been allowed to exit the car during the incident to enter a public place out of the petitioner's view and safe from any physical threat by the petitioner but had thereafter reentered the car where the petitioner allegedly sat with a gun. Based on all of the above, the petitioner's counsel argued that Mr. Short was simply not a credible witness.
The petitioner's habeas petition now claims that trial and appellate counsel's performance fell below the required standard. The legal standard by which a claim of ineffective assistance of trial counsel or appellate counsel is to be measured is that enunciated in Strickland v.Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, reh. denied,467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984): . . . . that counsel's performance was deficient . . . [and] that the deficient performance prejudiced the defense. . . ." Id., 466 U.S. at 687.
The theory of defense in this case was not that the incident never happened or that the defendant was not involved, but rather that the victim had voluntarily entered the car with the defendant and had ridden around willingly — that there had been no force or intimidation at all — and thus no kidnapping had occurred. Indeed the only witness to the continued kidnapping was the victim, whose credibility was competently questioned by petitioner's counsel during the trial.
The petitioner contends that additional witnesses could have been called to support the theory of defense, such as the petitioner's girlfriend whom he claims saw the beginning of the incident and the petitioner's younger brother whom he claims knew that the victim was harassing the family. But there is no credible evidence that petitioner ever suggested these names to his trial counsel as helpful witnesses, nor can the court draw the conclusion that their testimony would have been helpful, as opposed to being merely cumulative. As to the witnesses who; did testify, trial counsel was aggressive and effective in his questioning of them. Counsel forced the victim to admit that several of the victim's prior statements to the police were inconsistent with his trial testimony, in particular statements about the location of the incident, the weapons in the car, and who else was involved that evening.
As to the petitioner's claims about inadequacies in the request to charge regarding reasonable doubt or lesser included offenses, these claims are without merit. The petitioners's claims that Attorney Moscowitz failed to challenge the sufficiency of the evidence or present an adequate theory of defense are wholly unsupported by this court's review of the transcript and consideration of the other evidence. The petitioner's final claim — that his counsel failed to preserve CT Page 10991 statements that were stricken from the record — is incomprehensible. The transcript of the trial submitted into evidence as Petitioner's Exhibit 1 has a number of handwritten comments, evidently written in the petitioner's handwriting. It appears that the petitioner believes that the there are errors in the transcript, that Sam Short said other things from the witness stand during the trial that were not recorded because they were "stricken" from the record. See, e.g. Exhibit 1, March 29, pp. 27 and 37. But there is no support for this allegation.
As for the claims of the petitioner with respect to the performance of appellate counsel, they are that Attorney Golger failed to address the issues of sufficiency of the evidence to issue an arrest warrant and the lack of a weapon at trial. Neither claim has merit. The statement of Sam Short — the identifiable victim — later that morning to the police was alone sufficient to support the warrant. The failure to produce the weapon at trial certainly affected the weight of the evidence. But even so, there was sufficient evidence for the jury to convict as it did. The failure to raise such meritless claims on appeal was not a flaw in appellate counsel's performance.
The court, having considered all of the evidence, including a thorough review of the proceedings that occurred at trial, concludes that the petitioner has failed to prove that either trial or appellate counsel's assistance to the petitioner was ineffective in any respect. Moreover the issues the petitioner now, in hindsight, has identified as ones that were deficient are not of such a character as would likely have affected the outcome of the trial. The petitioner has failed to prove either prong of the Strickland test, supra. Accordingly, the petition is dismissed.
Patty Jenkins Pittman, Judge