[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
John Tabone ("Tabone"), the Petitioner, who is represented by Attorney Kenneth Paul Fox, Special Public Defender, brings this action for a new trial based upon his claim that Attorney Dennis Harrigan ("Harrigan") rendered him ineffective assistance in his trial which commenced in the Superior Court (Waterbury) CR 99-285621.
On information dated November 9, 1999 Tabone was charged with First Degree Sexual Assault, General Statutes § 53a-70; Risk of Injury § 53-21 (2) for incidents in January 1999; as well as additional counts of sexual assault in the First Degree and Injury to a Minor in violation of § 53-21 on two separate dates in February 1999; one date in March 1999 and one additional diverse date, Paragraph 2 of the Amended Petition dated December 20, 2001.
Paragraph 3 of the Amended Petition alleges that Tabone pleaded guilty under the Alford Doctrine on November 2, 2000 on a substituted information to one count of Sexual Assault in the second degree in violation of § 53a-71 (a)(4); one count of sexual assault in the third degree in violation of § 53a-72a (a)(1)(A) and one count of risk of injury to a minor in violation of § 53-21 (2).
Tabone now claims that his pleas were not entered voluntarily with an understanding of the crimes charged and the consequences of the pleas, notwithstanding the specific thorough findings to the contrary by JudgeDamiami at the time made and that he was not adequately or effectively assisted by counsel (Exhibit 1). CT Page 7180
Jury selection in this case was started October 31, 2000. The pleas by Tabone were on November 2, 2000 (Exhibit 1).
Attorney Berke ("Berke") of the Public Defender's office originally had the file. Harrigan, also of the Public Defender's office took over the file in August of 2000. A motion to suppress the statement of Tabone to the Waterbury Police was filed by Berke May 18, 2000.
Harrigan testified he did not talk with the police about the statement because the Waterbury Police typically would not answer questions if asked until the motion to suppress was heard. Harrigan testified that according to the affidavits Tabone was not under arrest at the time he gave the statement. Tabone and Harrigan discussed the circumstances under which Tabone gave the statement. Tabone told Harrigan although he originally went into the police department he was not allowed to leave. Harrigan testified he did not undertake any sort of investigation about whether Tabone was not free to leave the police department. Harrigan however testified he made adequate preparation to pursue the motion to suppress which is customarily made after the jury is selected. The statement was accompanied by a waiver of rights form signed by Tabone. Tabone admitted he signed the form but claimed he did not sign the waiver until after the statement. Tabone claimed the statement was obtained by threats of bodily harm if he did not sign it.
Harrigan discussed with Berke a mental disease or defect defense which Berke discussed with Tabone. Harrigan discussed with Tabone the issue of the mental disease or defect defense and that it was not going to be raised as a defense.
Harrigan investigated the mental disease defense with a doctor and decided nothing could be done with it and that it was not a viable defense.
A motion for a speedy trial had been filed by Tabone pro se some time earlier which was never withdrawn.
Prior to jury selection on November 1, 2000, Judge Damiani discussed during pretrial a sentence often years and ten years probation with special conditions. The offer had been rejected by Tabone while being represented by Berke. Once an offer to plead is rejected it generally is increased by the judge after the case is started. Harrigan felt he was successful to be able to get the original offer back during jury selection.
The petitioner argues that he consistently wanted to proceed to trial. CT Page 7181 The respondent argues correctly that the pleadings in this case all fall under the one count complaint with many subparagraphs. The court therefore in this decision will address essentially the claim that Tabone makes that he had ineffective assistance of counsel because he did not get his statement suppressed. (See Paragraph 12). In paragraph 13 of Count One Tabone asserts that the statement would have been suppressed. The petitioner fails to persuade the court that the statement would be suppressed. Even though the statement was not introduced in this hearing, the court had the opportunity to review the statement which was taken up in Tabone's competency report requested by Harrigan before the plea of Tabone under General Statutes § 56-54: "Tabone was able to accurately outline the contents of his statement". (See page 7, Exhibit 3).
This court cannot predict that the statement would have been suppressed if it had been heard before his plea. The court finds that Tabone's rights had been protected by the filing of the motion to suppress and would have been heard before he accepted the plea bargain agreement. The Plea Bargain agreement provided a substantial lesser sentence than Tabone was faced with for the charges.
The petitioner's next essential claim of ineffective assistance of counsel is that Harrigan persuaded him to take the agreement rather than proceed to trial. This court finds that Harrigan persuaded Tabone to plead and take the agreement having professionally evaluated the circumstances of the case.
"Commentators have estimated that between 80 and 90 percent of criminal cases in Connecticut result in guilty pleas, the majority of which are the product of plea bargains. M. Heumann, Plea Bargaining: The Experiences of prosecutors, Judges and Defense Attorneys (1978) pp. 27-28. Thus, almost every criminal defendant is faced with the crucial decision of whether to plead guilty or proceed to trial. Although this decision is ultimately made by the defendant, the defendant's attorney must make an informed evaluation of the options and determine which alternative will offer the defendant the most favorable outcome. A defendant relies heavily upon counsel's independent evaluation of the charges and defenses, applicable law, the evidence and the risks and probable outcome of a trial. The right to effective assistance of counsel includes an adequate investigation of the case to determine facts relevant to the merits or to the punishment in the event of CT Page 7182 conviction." Siemon v. Stoughton, 184 Conn. 547, 556
n. 3, 440 A.2d 210 (1981). See, Copas.
Commissioner of Corrections, 234 Conn. 139, 154.
In this case Harrigan discussed the form of the statement given to the police by Tabone and he stated that it was his signature.
Harrigan filed a motion for a § 54-56 competency hearing before Judge Damiani ruled on Tabone's Motion for a Speedy Trial. Once the jury selection commenced the speedy trial matter was moot.
Although the plea negotiations had then rejected previously with other counsel they seriously started up again after the start of selecting a jury. Harrigan had advised Tabone if he could get an offer as to his plea he should consider it. Judge Damiani had originally suggested the offer. Harrigan, again with the state's attorney was able to get the original offer back on the table.
The offer again was ten years in jail followed by ten years special parole. The petitioner basically did not want the offer but he didn't want to go to trial (Transcript, April 25, 2002, p. 24, lines 12-13).
Harrigan testified that the petitioner wanted to delay the trial because the petitioner stated he didn't take his medication that day when jury selection started. The petitioner however did not indicate not having taken his medication was going to interfere with his participation in choosing a jury.
Harrigan testified that Tabone had a problem focusing on the case but he did not know if his failure to focus on the incidents of the case was due to lack of medication. Harrigan felt that Tabone would have difficulty in assisting him in his defense. Harrigan had previous difficulty communicating with Tabone and that was why he ordered the competency test. In addition, Harrigan took steps to assist him in dealing with the petitioner's difficulty in focusing so he had a social worker in their office, Julie King ("King") assist him.
Harrigan testified that Tabone was able to assist him in the jury selection.
Harrigan stated (Transcript, p. 29) that because Tabone's difficulty to discuss the details of the case with him he was prompted to seek out trying to get the plea agreement back. Harrigan discussed with Tabone several times that in his opinion based upon the situation Tabone was in and the chances of the outcome that Tabone should take the deal. CT Page 7183 Eventually Tabone said he was willing to plead. Harrigan completely discussed with Tabone the strength of the State's case; his opinion whether the motion to suppress the statement and a whole variety of discussions. In the words of his counsel, it was either take the deal or go to trial. There was no third alternative. Tabone finally realized it was either A or B and he chose A, the plea bargain (Transcript, p. 31).
Harrigan testified that Tabone understood what was going on in the proceeding when the plea was taken. Harrigan fully explained the consequences of the plea and the sentence he would receive and that once he pled on that day he would not be able to withdraw his plea.
Harrigan felt he was able to focus fully on his explanation of the plea and the only difficulty of focusing was on events at the time of the incident.
Tabone discussed with Harrigan the possibility of a psychiatric hospitalization rather than incarceration. Harrigan at the time of the plea moved to have Tabone examined under General Statutes § 17a-566. The report Exhibit 5 concluded that Tabone was not in need of further diagnostic evaluation.
Harrigan had the assistance of King who was originally assigned to this case by Berke. King's duties include keeping certain defendants advised of the information about their case. She acted like a translator who would inform the public defenders of any problems and assess their understanding by the defendants.
After the competency test in this case she stayed with petitioner during jury selection. She would answer any questions that the client might bring up.
King testified that Tabone was able to participate in jury selection and understood what was being explained to him.
This court finds that the claim of the petitioner that because he did not have his medication, sufficiently impacted adversely on his plea. He made his plea voluntarily, knowingly and intelligently.
Harrigan made an informed evaluation of the options and determined which alternative would offer the most favorable outcome for Tabone.
Tabone by his own admissions opined that he was likely to be convicted. Accordingly, he entered an Alford plea to the substituted information. CT Page 7184
Judge Damiani, in Exhibit 2 stated when Tabone sought to withdraw his plea before sentencing the following:
 "I would also note in the last page of the presentence investigation report where the probation officer states that during the presentence interview, it appeared the subject Mr. Tabone was manipulative, hesitant and guarded in his response.
 The dialogue we had convinced me of that, that you are competent to enter the plea, that you would to plead guilty, you asked about the sentence you would do."
To the contrary of the argument that but for the errors and omissions as to potential suppression of petitioner's purported statement, as well as his failure to adequately advise petitioner about conditions of parole that he fell below a reasonable standard of professional competence, this court finds that the petitioner has failed to meet his burden that he had ineffective assistance of counsel. Further his claim about lack of medication on the date of his plea did not impact on it as discussed.
To prevail in a claim of ineffective assistance of counsel it is necessary to establish cause and prejudice" the two part standard ofStrickland v. Washington, 466 U.S. 668, 80 L.Ed.2d 674, reh. denied467 U.S. 1267 82 L.Ed. 864 (1984), applied to conviction by way of guilty plea in Hill v. Lockhart, 474 U.S. 88 L.Ed.2d 203 (1985); the petitioner has failed to establish either prong.
Accordingly, petition for habeas corpus is denied.
Frank, S. Meadow, J.T.R.