NOT DESIGNATED FOR PUBLICATION

No. 115,578

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JAMES THOMAS BROWN, VI,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Cowley District Court; JAMES T. PRINGLE, judge. Opinion filed April 14, 2017. Affirmed.

*Ian T. Otte*, and *Kelley N. Reynolds*, of Herlocker, Roberts & Herlocker, L.L.C., of Winfield, for appellant.

*Christopher E. Smith*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before MCANANY, P.J., MALONE, J., and STUTZMAN, S.J.


*Per Curiam*:  James Thomas Brown, VI, appeals the district court's denial of his motion for relief under K.S.A. 60-1507. In his motion, Brown argued his trial counsel was ineffective because he failed to advise him that the crime of attempted manufacture of methamphetamine was a severity level 1 crime, the same as the crime of completed manufacture. He contends that led him to reject a plea offer from the State that, in retrospect, would have been to his advantage. We find the district court's ruling was supported by substantial competent evidence and affirm.

1

## FACTS AND PROCEDURAL BACKGROUND

Prior to trial on the drug felonies with which Brown was charged, the State offered a plea deal that would have required Brown to enter a guilty plea to manufacturing methamphetamine in return for the State's dismissal of the remaining charges and a recommendation for a durational departure to a sentence of 96 months in prison. At a pretrial hearing, the district judge and Brown engaged in the following colloquy:

> "[The Court]: Mr. Brown, do you understand that was the offer made by the State?
>
> "[The Defendant]: Yes, sir.
>
> "[The Court]: And you've discussed that offer with [trial counsel]?
>
> "[The Defendant]: Yeah.
>
> "[The Court]: And it's your decision to reject that; is that correct?
>
> "[The Defendant]: Right."

With that rejection of the plea offer, the case went to trial and the jury found Brown guilty of all charges. The district court sentenced Brown to serve 176 months in prison. Brown appealed, and this court affirmed Brown's convictions. See *State v. Brown*, No. 109,923, 2014 WL 1887660 (Kan. App. 2014) (unpublished opinion) *rev. denied* 301 Kan. 1048 (May 12, 2015). Brown then filed a motion for relief under K.S.A. 60-1507, claiming his trial counsel was ineffective. The district court held an evidentiary hearing and, on March 24, 2016, filed a memorandum of decision denying the motion. Brown timely appealed.

## ANALYSIS

In *Bledsoe v. State*, 283 Kan. 81, 88, 150 P.3d 868 (2007), our Supreme Court stated the standard for review when postconviction relief under K.S.A. 60-1507 is denied by the district court after an evidentiary hearing:

"We are charged with determining whether the factual findings of the district court are supported by substantial competent evidence and whether those findings are sufficient to support the district court's conclusions of law. *Graham v. State,* 263 Kan. 742, 753, 952 P.2d 1266 (1998). Substantial evidence is evidence that possesses both relevance and substance and that furnishes a substantial basis of fact from which the issues can reasonably be resolved. *Sampson v. Sampson,* 267 Kan. 175, 181, 975 P.2d 1211 (1999). We must accept as true the evidence and all inferences drawn from the evidence that tend to support the findings of the district judge. *Graham,* 263 Kan. at 753-54."

On this appeal, Brown's sole issue is whether his trial counsel was ineffective for failing to adequately advise him concerning the plea offer that he rejected. Effective assistance of counsel is a right guaranteed by the Sixth Amendment to the United States Constitution. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 (1984). A claim alleging ineffective assistance of counsel constitutes a mixed question of law and fact. After the district court conducts a full evidentiary hearing, appellate courts determine whether the district court's factual findings are supported by substantial competent evidence and review all legal conclusions using a de novo standard. *Fuller v. State*, 303 Kan. 478, 485, 363 P.3d 373 (2015).

Under the *Strickland* test, to successfully argue an ineffective assistance of counsel claim, a defendant must establish: (1) that his defense counsel's performance was deficient under the totality of the circumstances; and (2) the defendant was prejudiced, *i.e.*, there is a reasonable probability that a different result would have been reached had the deficient performance not occurred. *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014) (relying on *Strickland*, 466 U.S. at 687). As a general matter, a trial counsel's performance is afforded great deference in a claim of ineffective assistance of counsel and requires consideration of all the evidence presented. Appellate courts strongly presume that the trial counsel's conduct amounted to reasonable professional assistance. *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014).

3

Specifically, Brown argues Showalter "failed to inform him that Attempted Manufacture [of methamphetamine] was in fact a severity level 1 drug offense for which the penalty was the same as successful manufacture." At the hearing on his motion, Brown testified: "Well, there was a drug grid I was going by, and I thought attempt to manufacture was a severity level 2 [drug felony]." As a result, Brown said he thought a conviction for attempted manufacture would result in a 77-month sentence, less than the 96 months he could get if he accepted the plea deal and the court granted the requested departure.

Brown contends he told his trial counsel about his understanding of the severity level and penalty for attempted manufacture, and his counsel did not correct him. He asserts he would have accepted the plea deal offered by the State had he known the two crimes were assigned the same severity level and penalties. When cross-examined at the hearing, however, Brown conceded his trial counsel never told him affirmatively that attempted manufacture of methamphetamine was a severity level 2 drug felony. Nevertheless, he maintained his counsel "led me to believe it was a severity level 2 [felony]. . . . He never corrected me."

Brown's trial counsel also testified at the hearing, stating that he had served as defense counsel for approximately "a couple dozen" manufacture of methamphetamine cases. During his questioning, the State asked him about the subject of completed versus attempted methamphetamine manufacture crimes:

"[State]: So let me ask you a question: What is the law when it comes to an attempted manufacturing of methamphetamine? Where is it scored?
"[Counsel]: It's a level 1. I mean, it's always been.
"[State]: Okay. Do you know how long that has been the case?

4

"[Counsel]: I didn't go all the way back. I started looking at that today when this hearing came up, just to check my memory. . . . 2002, [K.S.A.] 65-4159 had exactly the same language as we have now, and that's a level 1.

"[State]: And . . ., did you know that?

"[Counsel]: Yes. That's what I understood.

"[State]: Would you have told Mr. Brown something different?

"[Counsel]: No.

"[State]: Would you have led him to believe something different?

"[Counsel]: No not intentionally. Absolutely not."

The questioning not only addressed trial counsel's own knowledge of the classification of completed and attempted manufacturing crimes, but also the communications he had with Brown:

"[State]: Okay. Now, during that, do you remember at any point in time the defendant coming to you and saying, hey, look, you know, if I'm convicted of anything I'm going to get convicted of a level 2 [felony]. I'm going to do 77 months.

"[Counsel]: No, I really don't.

"[State]: Okay. You don't remember any conversations like that at all.

"[Counsel]: No. No.

"[State]: Okay. About how many times did you meet with Mr. Brown?

"[Counsel]: Oh, it was quite a few times.

"[State]: Okay. At any point in time did you have the opportunity to have written correspondence with him?

"[Counsel]: I did. . . . He would write me frequently and I'd go down and see him, and whenever I did, we discussed it in length.

"[State]: Okay. At any time did he say, in any of those letters, hey look, you know, why would I take 96 months when I'm only looking at 77 on a level 2?

"[Counsel]: No, I don't recall that at all.

"[State]: If he had done that, what would you have done?

"[Counsel]: I would have said, that's not the way that works. I mean, it's not.

"[State]: Okay. So would you have corrected that misconception?

"[Counsel]: Sure."

As the district court noted, the burden of proof on a K.S.A. 60-1507 motion is on the movant, so Brown was required to establish his grounds for relief by a preponderance of the evidence. See Supreme Court Rule 183(g) (2017 Kan. S. Ct. R. 222). Brown's first task in meeting that burden was to prove his counsel's performance was deficient under the totality of the circumstances. See *Sola-Morales*, 300 Kan. at 882. The district court looked at Brown's evidence about his attorney's performance and found:

"Brown was somewhat vague in his testimony as to whether his attorney explicitly told him that attempted manufacture was a level 2 drug felony, or whether he made it clear to his attorney that was his belief and his attorney never said anything to him to correct his misunderstanding."

The district court then addressed Brown's argument that he and his trial counsel thought attempted manufacture was a level 2 crime, because his counsel argued to the jury that Brown failed to complete the manufacturing process. The district court rejected that argument and found, instead, that the transcript showed trial counsel's strategy was not based on a distinction between attempt and completed manufacture but on the premise that the State's case was based on unreliable and missing evidence.

Ultimately, the district court found that Brown had failed to prove by a preponderance of the evidence "that his attorney did, in fact, advise him, or not correct his revealed incorrect belief, that attempted manufacture was a level 1 drug felony, and not a level 2 drug felony." The district judge noted that the only evidence supporting Brown's contentions was his own testimony. Contradicting Brown's own evidence, the court cited the testimony presented by trial counsel, the "lack of any expression of confusion, hesitancy or questions at the hearing in which the plea offer was made," and the absence of any trial strategy arguing for guilt based on a "lesser" charge of attempted manufacture.

6

On appeal, Brown argues the district court did not have substantial competent evidence to support the conclusion that his trial counsel's performance was effective. He contends his trial counsel had "difficulty recalling events surrounding this case," so "his mere lack of recollection" of Brown ever telling him he thought attempted manufacture was a level 2 crime cannot be considered substantial competent evidence. In response, the State points to trial counsel's testimony that he had represented numerous clients in other cases charging manufacture of methamphetamine and demonstrated his awareness that attempted manufacture of methamphetamine was a severity level 1 felony.

The district court heard the testimony of the witnesses at the hearing on Brown's motion and was in the best position to assess credibility and weigh the evidence. From that position, the district judge found that Brown had failed to prove by a preponderance of the evidence either: (1) that his trial counsel misinformed him about the comparative severity level and punishment for completed and attempted manufacture; or (2) that Brown expressed to his counsel his incorrect understanding about the severity level for an attempt and counsel let that erroneous belief stand uncorrected.

Brown's trial counsel unequivocally testified about his clear and longstanding knowledge about the punitive equivalence of these two crimes for manufacturing methamphetamine. Further, his testimony was not exclusively about "having no recollection" of the relevant events. Rather, he was asked whether he recalled Brown coming to him to question why he would want to accept a plea deal for more prison time than he would get for a level 2 attempt conviction—essentially the question at the heart of Brown's motion—and he said he did not recall having a conversation like that. If that had happened, he testified he would have told Brown "that's not the way that works."

Accepting as true the evidence and all inferences drawn from the evidence that tend to support the findings of the district judge, we find his conclusion that Brown failed to prove the first part of the *Strickland* test was supported by substantial competent

7

evidence. In view of that finding, we need not consider the second, prejudice part of that test.

Affirmed.